CHADBOURNE & FORSTER v. GILMAN, *et. ux.*

1. **Venue :** MORTGAGE FORECLOSURE. Under section 2795 of the Revision, an action for the forclosure of a mortgage on real property must be brought in the county in which the subject of the action or some part thereof is situated.

2. —— It was accordingly *held*, in an action to foreclose six different mortgages upon distinct parcels of land lying in six different counties, each given to plaintiff to secure a distinct portion of a promissory note therein described, that, as to the five mortgages on the lands lying in the counties other than that in which the action was commenced, the venue was wrong, and that the court had no jurisdiction to try any issues arising thereon.

Chadbourne & Forster v. Gilman.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JULY 22.

ACTION upon three promissory notes made by defendant, Gilman, to plaintiffs, and to foreclose six separate mortgages given to secure distinct portions of said notes. The mortgages were on distinct parcels of land lying in six different counties, one only being in the county of Dubuque, where this action was brought. The defendants moved to strike out so much of the petition as related to the five mortgages, and also moved for change of venue. Both were overruled ; answer in denial ; trial to jury ; verdict and judgment for plaintiffs for full amount of notes and foreclosing all the mortgages. The defendants appeal.

*Roberts, Foulke & Burt* for the appellants.

*H. A. Wiltse* for the appellees.

COLE, Ch. J.—This suit is brought to recover upon three notes, and to foreclose six mortgages upon as many parcels of land situate in six different counties. Each mortgage was for a specified sum, a part of the note described therein. The action was brought in Dubuque county, where one of the parcels mortgaged was situated. The original notice was served on the defendants in Hardin county, and the affidavit annexed to the motion for a change of venue states that the defendants reside in that county.

The defendants, on entering their appearance, moved to strike from the petition so much thereof as related to the foreclosure of the five mortgages upon lands situated in counties other than Dubuque, for the reasons that the circuit court of Dubuque county had not jurisdiction to

hear or determine any issues thereon, and that the same were improperly joined with the other cause of action. This motion was overruled and excepted to, and the ruling is now assigned as error.

It is provided by our statute, Revision, section 2795, that an action for the foreclosure of a mortgage of real property " *must be brought in the county in which the subject of the action or some part thereof is situated.*" Each mortgage constitutes a separate part of action, and the mortgage of land in Dubuque county cannot, under this provision of our statute, be said to be a part of the subject of the action upon the other mortgages. And, again, the objection as to misjoinder must have been well taken, also, for our statute provides, Revision, section 2844, that only those causes of action may be joined where suit on all may be brought in the same county. And, as we have seen, the suit to foreclose each mortgage must be brought in the county where the mortgaged real estate is situated. It was error, therefore, to overrule the motion.

For this error the judgment must be reversed. It is unnecessary therefore to discuss the question of change of venue. The doctrine as applicable thereto may be found in *Breckinridge* v. *Brown*, 9 Iowa, 396; *Cole* v. *Connor*, 10 id. 299; *Finnegan* v. *Manchester*, 12 id. 521.

Reversed.