|      |     |
|------|-----|
| 56   | 47  |
| 106  | 521 |

THE EQUITABLE LIFE INS. CO. OF IOWA v. GLEASON ET AL.

1. **Promissory Note:** PLACE OF PAYMENT: CONSTRUCTION. Where a promissory note was made payable at the office of the payee, the Equitable Life Insurance Company of Iowa, and the heading of the note was as follows: "Office of Equitable Life Insurance Company, Des Moines, Iowa," it was held that the note, taken as a whole, showed that it was payable at Des Moines.

2. **Practice:** FORECLOSURE OF MORTGAGE: PLACE OF BRINGING SUIT. Section 2178 of the Code, providing that mortgages may be foreclosed in the county where the property is situated, is permissive only; an action to recover on a note, and to foreclose a mortgage securing it, may be brought in the county where the note is made payable, though other than that in which the mortgaged property is situated, and this although the mortgage was executed while the Revision was in force, which required the foreclosure to be made in the county where the land was situated, the change in the statute being one which does not substantially affect the rights of the parties.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 22.

ACTION to foreclose a mortgage given to secure a promissory note. The land mortgaged is situated in Ringgold coun-

ty. Service was made by publication. Afterwards the defendants appeared and moved for a change of place of trial to Ringgold county, on the ground that the land mortgaged was situated in that county. The court sustained the motion and the plaintiff appeals.

*Holmes & Nottingham,* for appellant.

*William Kennedy,* for appellees.

ADAMS, CH. J.—The action was brought in Polk county upon the theory that the note was made payable in Polk county. Whether it was made payable in that county is one of the questions in dispute. The note, by its terms, was made payable to the order of the Equitable Life Insurance Company of Iowa, "at its office." There is no averment that the office of the company is in Polk county, but we find upon the note, preceding the date, the following words: " Office of Equitable Life Insurance Company, Des Moines, Iowa." These words, we think, must be taken to be the words of the maker of the note, and show that the office of the company is at Des Moines, and we judicially take notice that Des Moines is in Polk county.

It is insisted, however, by the defendants, that it only appears that the office of the Equitable Life Insurance Company is at Des Moines, whereas the note is made payable at the office of the Equitable Life Insurance Company of Iowa.

While the name "Equitable Life Insurance Company" is not identical with "Equitable Life Insurance Company of Iowa," we can but think, from the way the two names are used in the same instrument, that they were intended to denote the same company.

Having reached the conclusion that the note is made payable in Polk county, we have to determine whether that fact justified bringing the action in that county.

In support of the view that it did, the plaintiff relies upon § 2581 of the Code, which provides that "when, by its

*Margin note: 1. PROMISSORY note: place of payment: construction.*

terms, a written contract is to be performed at any particular place, action for the breach thereof may be brought in the county wherein such place is situated."

The contract in this case was the note, and the performance called for was payment.    As payment was to be made in Polk county, the contract was to be performed in Polk county.  It is abundantly evident that the action might be brought in Polk county, unless there is some other provision of law which restricted the plaintiff to some other county. The defendants contend that there is a provision which restricted the plaintiff to Ringgold county, the county in which 2. PRACTICE: the land is situated.    The provision relied upon foreclosure of mortgage: as constituting such restriction is § 2178 of the place of bringing suit. Code, which provides that "an action for the foreclosure of a mortgage of real property      *      *      * may be brought in the county in which the property      * *      * is situated."

The plaintiff denies that this provision restricts the bringing of the action to the county in which the property is situated, but contends that it only *permits* it to be brought there. In our opinion the plaintiff's position is well taken.    To give the provision the force of a restriction it would be necessary to read the word " may " as *must*.   Now the general rule in the interpretation of statutes is that words of common use are to be taken in their natural, plain and ordinary signification.  *Schreifer v. Wood*, 5 Blatchford, 215;  *Quigley v. Gorham*, 5 Cal., 418;  *Perkinson v. State*, 4 Md., 184.    We see nothing in the interpretation of the statute in question which calls for any deviation from this rule.    On the other hand it is to be observed that in the corresponding provision in the Revision the word *must* was used. § 2795.    The change made in the enactment of the Code evinces very clearly a change in the legislative intent.

Again, it would hardly be contended that under the Code an action to foreclose a mortgage might not be brought in the county where the mortgagor resides, even though the

land were situated in a different county. It was so held under a similar statute (Code of 1851), in *Cole v. Conner*, 10 Iowa, 299. It was judicially determined in that case that the word "may," as used in that statute, did not have the force of *must*. But it is said that, even under that decision, an action is restricted to the county of the property, where the action is merely *in rem*, and that such is the character of the action in the case at bar. But we think that such is not the character of the action.

The petition shows that Peter Gleason was the maker of the note. The petition prays for a personal judgment against him; that the property be sold upon a special execution, and that the plaintiff may have a general execution for any balance that may remain unpaid. The action, then, so far as the petition shows, was not merely an action *in rem*. It is true service was made by publication. But this, it appears, was a mere blunder, because it is shown in the defendants' motion that they were residents of Iowa, and it follows that they could and should have been brought in by personal service. If they had been so brought in there could have been no pretense that the action was merely *in rem*. But the case is not different, for the moment the defendants appeared it would have been supererogatory to have served them with notice. No one would claim that, after appearance, service of notice was necessary to entitle the plaintiff to a personal judgment, either in that court or some other.

But it is insisted by the defendants that if it be conceded that the provision of the Code is permissive and not restrictive, still the motion for a change of place of trial was properly granted, because the mortgage was executed under the Revision, and the provision of the Revision was certainly restrictive.

It appears, it is true, that the mortgage was executed under the Revision. We have, then, the question whether the provision of the Revision must be held to govern.

The rule, as stated in Jones on Mortgages, § 1321, is as

follows: "The law in force when the mortgage was executed must be followed in foreclosing it, though there be a change in the meantime. The remedy so provided becomes a part of the contract, of the parties, and any change by statute substantially affecting it, to the injury of the mortgagee, is held to be a law impairing the obligation of a contract, within the meaning of the constitution of the United States."

The defendants contend that this rule is correct, and as applicable to the mortgagor as to the mortgagee.

If we should concede this to be so, we should still have to determine whether the change was one which substantially affected the remedy to the injury of the mortgagor.

Before the change the maker of the note could have been sued upon the note in Polk county. The effect of the change was (if it is not obnoxious to the objection urged) to allow the plaintiff to have a decree of foreclosure of the mortgage in the same action. We cannot think that such a change, if allowed, would result in a substantial injury to the mortgagor. Hence, it appears to us that the provision of the Code must be held to govern. As that appears to us to allow the action to be brought where the written contract sued on was by its terms to be performed, we have to say that we think that the court below erred in sustaining the defendants' motion.

REVERSED.