## THE IOWA LOAN & TRUST CO. v DAY ET AL

1. **Mortgage Foreclosure**: WHERE ACTION SHOULD BE BROUGHT: JURISDICTION. Where a note made payable in one county is secured by a mortgage on land located in another county, the court of the county where the note is payable has no jurisdiction of an action to foreclose the mortgage, where the notice to the maker is by publication only. The action in such case is strictly *in rem*, and must be brought in the county where the land lies; but if such service is had upon the maker of the note, and the action is so brought, as to enable the court of the county where the note is payable to render a personal judgment upon the note against the maker thereof, (See Code, § 2581,) then that court may also render a decree foreclosing the mortgage, though the land lies in another county. (*Equitable Life Insurance Co. v. Gleason*, 56 Iowa, 47.) The rule was different under section 2795 of the Revision. See *Chadbourne v. Gilman*, 29 Iowa, 181.

### *Appeal from Polk Circuit Court.*

### FRIDAY, APRIL 25.

ACTION in chancery to foreclose a mortgage. The plaintiff's petition was dismissed, and it now appeals to this court.

*D. F. Witter*, for appellant.

No appearance for appellees.

BECK, J.—I. The action was brought in Polk county to foreclose a mortgage upon lands situated in Decatur county, executed to secure a promissory note payable in the city of Des Moines, Polk county. Notice was served by publication upon the mortgagor alone, and no appearance was entered by him in the case. The circuit court refused to take cognizance of the case on the ground that it had no jurisdiction, the cause not having been brought in the proper county. The ruling of the circuit court is correct.

Code, section 2581, provides that, "when by its terms a written contract is to be performed in any particular place, action for breach thereof may be brought in the county

wherein such place is situated." Under this provision, an action upon the *note* secured by the mortgage could have been brought in Polk county. But the action is really not upon the note, for no judgment, in the absence of personal service of process, could have been rendered against the defendant. The remedy which the law authorized in the case was against the land. The action was essentially *in rem.* The statute nowhere authorizes an action *in rem* to be brought in a county other than the one in which the *res* is found.

Code, section 2578, provides that "an action for the foreclosure of a mortgage of real property, or for the sale of property under an incumbrance or charge, or to enforce a mechanic's lien on real property, may be brought in the county in which the property to be affected, or some part thereof, is situated." If the language of this provision is not to be regarded as imperative, directing the action to be brought in the county where the land is situated, it surely cannot be regarded as imperative in directing the suit to be brought elsewhere. The most that can be claimed is that it is permissive only. This we held in *The Equitable Life Insurance Co. v. Gleason et al.,* 56 Iowa, 47, deciding that an action to foreclose a mortgage may be brought in a county other than the one in which the land is situated. But in that case there was an appearance for the mortgagor, and, as the note secured was payable in the county wherein the action was pending, personal judgment could be rendered against him for the debt, as authorized by statute. The plaintiff, as a further remedy, was entitled to have the mortgage foreclosed. As the court acquired jurisdiction of the defendant, so that personal judgment could be rendered, the law would not split the remedies of the plaintiff, and require him to institute two actions, which is contrary to the maxims of the law against multiplicity of suits, and favoring full remedies in all actions. Upon these grounds we held that, when the court acquired jurisdiction of the person of the mortgagor, it was authorized to foreclose the mortgage.

In this case, however, the circuit court acquired no jurisdiction of the person of the mortgagor, and the action was purely *in rem*. Controlling reasons may be stated which forbid the prosecution of an action *in rem* in a county other than the one wherein the *res* is situated. The most oppressive abuses would inevitably result. One only need be stated. A non-resident, owning lands, could be sued, without the probability that he would be informed of the pendency of the suit by the publication required by law. Land-owners usually confine their watchfulness for the discovery of proceedings affecting their property to the counties wherein it is situated. Unless proceedings for foreclosure, wherein service of notice is made by publication, are brought in such counties, the chances are that the owners would never acquire knowledge of the pendency of the actions. Notice by publication, is, to say the least of it, a proceeding liable to result in injustice, and the court never recognizes it except in cases where it is postively authorized by statute. They are inclined to apply strict rules when called upon to take jurisdiction under such process. They certainly ought not to hold that an action *in rem*, wherein jurisdiction is acquired by process served by publication, may be prosecuted in a county other than the one in which the *res* is situated.

In *Chadbourne v. Gilman*, 29 Iowa, 181, this court held that, under the imperative language of the Revision, section 2795, an action of foreclosure must be brought in the county wherein the lands are situated. The language of the provision is not retained in the Code. The decision of the circuit court is

AFFIRMED.