## ORCUTT v. HANSON, Ex'x, ET AL.

1. **Place of Suit:** FORECLOSURE OF MORTGAGE AGAINST EXECUTOR AND HEIRS OF MORTGAGOR. H., a resident of Greene county, died there, leaving a wife and children, who continued to reside there. Before his death, and prior to the enactment of chap. 126, Laws of 1884, providing that actions to foreclose mortgages *must* be brought in the county where the land lies, he had mortgaged his land in Greene county to secure notes payable in Cedar county. His widow was appointed executrix of his estate, which was in process of settlement in Greene county. This action was brought in Cedar county, where the notes were payable, against the executrix and heirs, to foreclose the mortgage. *Held* that the action was maintainable only in Greene county, and that the court of Cedar county had no jurisdiction of the subject matter. This conclusion is concurred in by all the members of the court, but the argument of the opinion, based on the theory that the action was strictly *in rem*, is not concurred in.

2. **Jurisdiction:** WANT OF: WAIVER. Want of jurisdiction of the subject matter cannot be waived, even by consent of the parties, and the objection may be raised at any time. (*Dicks v. Hatch*, 10 Iowa, 380, and *Cerro Gordo Co. v. Wright Co.*, 59 Id., 485, followed.)

3. **Place of Suit:** WRONG COUNTY: CHANGE TO PROPER COUNTY: NO JURISDICTION. When an action which should be brought in the county of the defendant's residence is brought in another county, but the court has no jurisdiction of the subject matter, the defendant does not waive the want of jurisdiction by failing to move for a change to the proper county, under Code, § 2589. That section is not applicable to such a case; for the court in such a case has no jurisdiction to make any order except to dismiss the case, or strike it from the files.

*Appeal from Cedar Circuit Court.*

FRIDAY, MARCH 18.

ACTION in chancery to foreclose a mortgage. There was a decree granting the relief prayed for by plaintiff. Defendant Hannah Hanson, executrix, appeals.

*R. S. Irvin,* for appellant.

*Piatt & Carr,* for appellee.

BECK, J.—I. The mortgage in suit conveys lands in Greene county to secure certain promissory notes payable in Cedar county, executed by George F. Hanson, who died in Greene county, where he resided. This action is brought against the executrix of the estate, who is his widow, and against his heirs and devisees. All reside in Greene county; and his estate is in process of settlement by the proper probate court of that county, which issued the letters of administration to the widow. There was personal service made upon all of the defendants. All of these facts are not clearly and directly stated in the abstract, but, with what is found therein, together with statements of plaintiff's counsel, the facts as just stated satisfactorily appear. The petition prays for the foreclosure of the mortgage, and for a judgment against the executrix, and that the heirs' interest in the land be declared subject to the mortgage. Relief in accord with this prayer was given by the decree. It does not appear whether the heirs appeared in the case; no default against them was declared.

II. In our opinion, the circuit court of Cedar county had no jurisdiction of the case, the statutes, as interpreted by this court, prescribing that plaintiff should have pursued his remedies in Greene county, where the land is situated, and where the estate of the mortgagor is in process of settlement in the probate court. Code, § 2578, before its amendment by chapter 126, Acts Twentieth General Assembly, as inter-

*(Margin note: 1. PLACE of suit: foreclosure of mortgage against executor and heirs of mortgagor.)*

preted by this court in *Equitable Life Ins. Co. v. Gleason.* 56 Iowa, 47, authorized the foreclosure of a mortgage in the county wherein the note secured thereby was made payable, the action being personal, and not *in rem.* The amendment just referred to, by its express terms, is not applicable to contracts before existing.

In *Iowa Loan & Trust Co. v. Day,* 63 Iowa, 459, this court held that an action for foreclosure which is *in rem,* and not to recover a personal judgment as well as a decree of foreclosure, must be prosecuted in the county wherein the land is situated, and not in the county where the note secured by the mortgage is payable.

III. Is this to be regarded as a personal action, or an action *in rem?* Both of the cases just cited teach that, where a personal judgment cannot be rendered in a foreclosure proceeding, it is an action *in rem.* See *Kershaw v. Thompson,* 4 Johns. Ch., 609; *Downing v. Palmateer,* 1 T. B. Mon., 64; Waples, Proc. in Rem, §§ 563 *et seq.,* 606 *et seq.*

No personal judgment is claimed in the petition against the heirs, and it is not made to appear in the case that there were any grounds upon which such a judgment could have been based. If the decree declaring that they hold their interest in the lands subject to the mortgage be thought to be a personal judgment against them, the court had no jurisdiction to enter it, for the reason that, as we shall soon see, the court below had no jurisdiction to enter the decree of foreclosure. Of course, if jurisdiction to foreclose the mortgage did not exist, no jurisdiction existed to render a personal decree against the heirs cutting off their right to redeem.

IV. No personal judgment could have been rendered against the executrix, for the reason that no personal liability rested upon her. It is claimed that a judgment was authorized against her in her representative character as executrix. We need not inquire whether such a judgment may be regarded as personal, for the reason that, as we understand the law, the circuit court of Cedar county had no jurisdic-

tion to render such a judgment. The claim for a judgment against the executrix was, in effect and in fact, a claim against the estate. Proceedings to enforce such claim are in the same sense against the estate. It is a proceeding pertaining to the settlement of the estate, and must be prosecuted in the proper probate court which has exclusive jurisdiction of the estate. Code, §§ 2312, 2319; *Shropshire v. Long,* 68 Iowa, 537. *Tillman v. Bowman,* Id., 450.

The question as to the effect of a judgment of foreclosure against an executor, whether it stands as a claim against the estate, etc., need not be considered, for the reason that it does not arise in this case, because no jurisdiction to enter a decree of foreclosure and judgment existed in the court below. It is very plain that, if a judgment against the estate be authorized when a decree is rendered by a court having jurisdiction, it cannot be enforced by execution. It may be filed in the probate court as a claim established against the estate. *Crane v. Guthrie,* 47 Iowa, 542. As bearing on the question under consideration, see Code, §§ 2408, 2416, 2420, 2424, 2427, and *Chadbourne v. Gilman,* 29 Iowa, 181.

V. The executrix attempted to raise the question of jurisdiction we have considered by demurrer to the petition, which was overruled. She afterwards answered. An objection based upon the want of jurisdiction of the court over the subject matter of the action may be raised at any time, and is not even waived by consent. If the law withholds from a court authority to determine a case, jurisdiction cannot be conferred, even by the consent of parties. *Dicks v. Hatch,* 10 Iowa, 380; *Cerro Gordo Co. v. Wright Co.,* 59 Id., 485.

2. JURISDIC-
TION: want
of: waiver.

VI. Code, § 2589, contains the following provision: " If a suit be brought in the wrong county, it may then be prosecuted to a termination, unless the defendant before answer demand a change of the place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff. * * *" If this provision be

3. PLACE of
suit: wrong
county:
change to
proper coun-
ty: no juris-
diction.

applicable to the case before us, defendants, having made no motion to change the venue as contemplated in the statute cannot now complain of the judgment rendered in the case But, in our opinion, the section is not to be applied to the case, for the reason that the circuit court of Cedar county had no jurisdiction of the subject matter of the action which, we think, we have above shown. To authorize a court to act in an action *in rem*, it must have jurisdiction of the subject matter of the suit, and, in an action *in personam*, it must have jurisdiction of the person of the defendant. In personal actions, the section just quoted, and those preceding it, give to the court of the " wrong county " jurisdiction of the person of defendants who were served with notice; but, in actions *in rem*, the court of the " wrong county " acquires no jurisdiction of the subject matter, under the statutes and the decisions of this court. Now, what order may a court make in an action *in rem* wherein it has no jurisdiction of the subject matter thereof? None whatever, except to dismiss it, or strike it from the docket. As the court lacks jurisdiction of the subject matter, it can make no order whatever affecting the right to the *rem*. These views are based upon the most familiar elementary principles, which demand no authorities in their support in order to assure the assent of the legal mind.

It will be understood that, where there is jurisdiction of the subject matter of the action, but no jurisdiction of the person of the defendant, the court may retain the cause, and make orders looking to the acquisition of jurisdiction of the person of defendant, and for some other purposes. But, as we have seen, this is not an action *in personam*. The court below, having no jurisdiction, could make no order except to dismiss the case, which ought to have been done.

The other members of the court direct me to say that they are not prepared to hold that this action of foreclosure is strictly a proceeding *in rem*. They reach the conclusion announced in this opinion upon the other grounds.

REVERSED.