## STEVENS *v.* FERRY *et al.*

*(Circuit Court, D. Washington, N. D.* October 26, 1891.)

1. COURTS—JURISDICTION IN FORECLOSURE—LANDS OUTSIDE DISTRICT.
    Civil Prac. Act Wash. T. § 48, providing that actions for the foreclosure of mortgages, among others, "shall be commenced in the county or district in which the subject of the action is situated," gives to a mortgagee whose mortgage covers several disconnected tracts of land in different counties and districts the right to foreclose as to all of them by a single suit in any county where one tract is situated.

2. FORECLOSURE OF MORTGAGE—RIGHTS OF MORTGAGOR—DEFECTIVE SHERIFF'S DEED.
    Where lands are sold on foreclosure of a mortgage, and the mortgagor does not redeem within the time allowed, he cannot afterwards recover them from the purchaser, or his grantee, on the ground that no valid deed was ever made by the sheriff.

In Equity.

This is a suit to settle a controversy as to the title to certain lands situated near Anacortes, in this state, arising out of the following facts: In the year 1873, the complainant, being then the owner of the lands, as security for a loan of $2,000, gave a promissory note and a mortgage covering said lands, which were then within the county of Whatcom, and are now in the county of Skagit. Said mortgage also included real estate situated in Thurston county. As the courts of the territory were organized at the times herein referred to, Thurston county was in the second judicial district, and terms of the territorial district court were held at Olympia for a subdistrict embracing Thurston, Lewis, Chehalis, and Mason counties. Whatcom county was in the third judicial district, and terms of the district court were held at Port Townsend for a subdistrict embracing Whatcom and other counties. In October, 1874, a suit was commenced by the owner and holder of the note and mortgage against the complainant, in the district court at Olympia, to recover a judgment upon the note, and for a decree of foreclosure and order of sale of all the lots and tracts of land included in said mortgage. The complainant, Stevens, voluntarily appeared and submitted to the jurisdiction of the court in said cause, and a judgment and decree as prayed for were rendered against him December 17, 1874. In pursuance of said decree the land in controversy was sold by the sheriff of Whatcom county in July, 1875; and the sale was confirmed by an order of the district court at Olympia, December 8, 1875, by which the sheriff of Whatcom county was directed to execute a deed to the purchaser at the expiration of six months from the date thereof, unless the land should be within

that period redeemed. There has been no redemption made or attempted, and the sheriff's deed was made and delivered as directed. The defendants claim to own the land, and deraign their title from the judicial sale under said foreclosure proceedings. In behalf of the complainant it is alleged that the district court at Olympia had no jurisdiction to order or confirm a sale of land in Whatcom county; that the sale was not made subject to redemption, and in other respects the proceedings were not in conformity to the requirements of the statutes of the territory governing execution sales of real estate; that for these reasons the sale was and is void; and, further, that there is no proof of a valid sheriff's deed having been given. Other points raised by facts alleged in the pleadings of the defendants have been discussed, but require no further mention in deciding the case, according to my view of it.

*B. F. Dennison* and *Howe & Corson*, for complainant.

*White & Munday, Battle & Shipley, Preston, Carr & Preston,* and *W. Lair Hill,* for defendants.

HANFORD, J., *(after stating the facts as above.)* The courts of Washington Territory were created by Act Cong. March 2, 1853, entitled "An act to establish the territorial government of Washington." 10 U. S. St. p. 172. Section 9 of the act contains the following among other provisions:

"The judicial power of said territory shall be vested in a supreme court, district courts, probate courts, and justices of the peace. * * * The said territory shall be divided into three judicial districts, and a district court shall be held in each of said districts, by one of the justices of the supreme court, at such times and places as may be prescribed by law. * * * The jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate courts and justices of the peace, shall be as limited by law; * * * and the said supreme and district courts, respectively, shall possess chancery as well as common-law jurisdiction."

By the sixth section of the act, general legislative power is given to the territorial legislature, and it is not questioned but what its power to define and limit the jurisdiction of the district courts, as to subject-matter, parties, and territory, was ample. The object of the organic act in providing for a division of the territory into districts was to serve public convenience, and divide the labors of the judges. It was contemplated that the business of the people residing in each district would be transacted in the court for that district; that crimes would be cognizable in the court for the district wherein committed; and that citizens would be required to serve as jurors only in the districts including their homes; but it was not intended to so limit the district courts as to make them mere local courts, incapable of taking original jurisdiction as courts of the territory, with power to issue judicial process and mandates, and enforce the same, in all places under the government of the territory. The continued exercise of the power during the entire history of the territorial government, a period of more than 35 years, is sufficient proof that the district courts of Washington Territory were courts of superior and general jurisdiction. It was the constant practice of said courts to issue

warrants, attachments, and executions, and by such process to cause the arrest of persons and seizure and sale of property in counties and districts other than that in which the court issuing the same was held. Such proceedings were authorized by statutes, and the lawfulness thereof cannot be doubted. The case of *Ableman* v. *Booth*, 21 How. 506, cited by counsel for plaintiff, is authority for the proposition that the process of a state court or judge has no authority beyond the limits of the sovereignty which confers the judicial power; a true proposition, but no more true than the converse of it, that a court of superior and general jurisdiction may, if authorized by the legislature, adjudicate the rights of parties before it as to property, real or personal, situated anywhere within the boundaries of the state, and enforce its decree by a sale and transfer of the title to such property. Under the laws of Washington Territory a mortgage only created a lien, and entitled the mortgagee to have the mortgaged premises subjected to sale under a decree of court for satisfaction of the debt, (Laws Wash. T. 1869, p. 130, § 498; Laws Wash. T. 1873, p. 134, § 496;) hence there could be no proceeding for a strict foreclosure. A suit for a decree of foreclosure is a proceeding *in rem*, as well as *in personam*, and therefore cannot be properly brought elsewhere than in a court having local jurisdiction over the premises. 2 Jones, Mortg. § 1444; *Wood* v. *Mastick*, 2 Wash. T. 69, 3 Pac. Rep. 612. The important question in the case, therefore, is as to the jurisdiction of the district court which rendered the decree under which the sale of the land in controversy was made, and the decision of that question must be controlled by the provisions of the civil practice act of 1873. The important sections are the following:

"Sec. 48. Actions for the following causes shall be commenced in the county or district in which the subject of the action, or some part thereof, is situated: (1) For the recovery of; for the possession of; for the partition of; for a foreclosure of a mortgage on; or for the determination of all questions affecting the title, or for any injuries to real property." Laws 1873, p. 12.

"Sec. 561. When default is made in the performance of any condition contained in a mortgage, the mortgagee or his assigns may proceed in the district court of the district or county where the land, or some part thereof, lies, to foreclose the equity of redemption contained in the mortgage."

"Sec. 563. In rendering judgment of foreclosure the court shall order the mortgaged premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of the action. The payment of the mortgage debt, with interest and costs, at any time before sale, shall satisfy the judgment."

"Sec. 564. When there is an express agreement for the payment of a sum of money secured, contained in the mortgage or any separate instrument, the court shall direct, in the order of the sale, that the balance due on the mortgage, and costs which may remain unsatisfied, after the sale of the mortgaged premises, shall be levied on any property of the mortgage debtor."

"Sec. 565. A copy of the order of sale and judgment shall be issued and certified by the clerk, under the seal of the court, to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest, and costs, as upon execution; and, if any part of the judgment, interest, and costs remain unsatisfied, the

sheriff shall forthwith proceed to levy the residue of the property of the defendant. The sheriff shall indorse upon the order of sale the time when he received it, and all subsequent proceedings under the said order shall conform, except as hereinafter provided, to the provisions regulating sales of property upon execution.'" Laws 1873, pp. 149, 150.

These provisions of the statute are in all important particulars the same as a prior act of the territory which was construed by the supreme court in the case of *Hays* v. *Miller*, 1 Wash. T. 143; holding, in effect, that the object of the law is to avoid a multiplicity of suits, and save expense in the collection of debts secured by mortgages on real estate, and to give the creditor in one suit the full benefit of a double remedy, by enforcing the personal liability of the debtor, and subjecting the mortgaged property to sale, which formerly could only be accomplished by an action at law and a separate suit in equity. I hold, upon the authority and reasoning of that decision, that only a single suit could be maintained at one time to foreclose a mortgage upon land in the territory, and collect the debt secured thereby, even though several distinct and separate tracts of land situated in different counties and districts be included in the mortgage; and, further, that the statute was not intended to have the effect in such a case to delay the mortgagee by requiring him to proceed in detail by separate suits, one at a time, in each county or district, but gave him the right to proceed, in one suit, in a district court for the county in which the land or a part thereof lies, against all the property subject to the lien of his mortgage. In the argument it is admitted that a district court under this statute might in one suit decree a sale of land situated partly in two counties, if the premises be in compact form, as a single 40-acre tract, or any number of legal subdivisions adjoining each other, but not if the lands in different counties are separate tracts. By this rule of construction a mortgage upon a strip of land like the right of way of the Northern Pacific Railroad, for instance, extending across the entire territory, and embracing land in 12 counties, might be subjected to sale under a decree in a single suit brought in either of the counties; and the court authorized to render such a decree would be without jurisdiction to order a sale under a mortgage of a single acre situated in an adjoining county, unless the acre touched other land covered by the same mortgage in the county wherein the court was held. The authorities cited do not require me to recognize any such distinction. In the case of *Holmes* v. *Taylor*, 48 Ind. 169, the mortgage covered a single 40-acre tract cut into two parts by a river which formed a boundary between two counties. It was held to be necessary, under the statutes of that state, to sell the land in two parcels, and to sell each part in the county in which it was situated; but the right to foreclose the mortgage in one suit, and the jurisdiction of the court sitting in one county to render a decree and order of sale of the land in both counties, were maintained, and the opinion does not give as a reason for so holding that it was water instead of an intervening tract of land which filled the space between the two parts, or even suggest a reason for a different rule in such a case as this one. The case of *Chadbourne* v. *Gilman*, 29 Iowa,

181, was one wherein several mortgages were in suit, each covering land in a single county, and it is therefore not in point in this case. In the case of *Orcutt* v. *Hanson,* (Iowa,) 32 N. W. Rep. 482, the suit was against the executrix of the mortgagor's will; the mortgaged premises were situated in the county in which the defendant lived, and in which the estate was being settled in the probate court; the debt secured by the mortgage was payable in a different county, and the suit was brought in the latter county to collect the debt and foreclose the mortgage. The only question decided in that case was one which does not arise in this. *Lomax* v. *Smyth*, 50 Iowa, 232, is another Iowa case, later than either of the two mentioned above, and is in point. The decision is to the effect that, under a section of the Iowa Code providing that suits to foreclose mortgages must be brought in the county wherein the mortgaged property, or some part thereof, is situated, a decree of foreclosure and order of sale in a suit upon several deeds, each for a separate tract, given as security for a debt, where a defeasance of all the lands by a single instrument had been taken by the mortgagor, brought in a county embracing only lands affected by one of the deeds, was valid and binding as to lands in another county. The decision in *Wood* v. *Mastick*, 2 Wash. T. 64, 3 Pac. Rep. 612, does not bear on the question at issue to any greater extent than this: It holds that foreclosure suits must be brought in the county or district in which the land, or some part thereof, lies. It does not intimate that more than one suit is necessary where several tracts in different counties are covered by a single mortgage. I hold that in said foreclosure suit the jurisdiction of the district court at Olympia was not partial, and sufficient merely to afford part of the relief to which the mortgage entitled the plaintiff, but it was complete for all purposes.

The mortgage given by the complainant was foreclosed, and the lands in controversy were sold, by proceedings and under process especially provided by the statutes for such a case, and the sale is not void because not made subject to redemption, as provided in the chapter relating to sales of real estate under executions, nor by reason of non-conformity to the provisions of that chapter in other particulars on the part of the sheriff, in executing the process and making his return. The particular provisions of that chapter invoked are wholly inapplicable to the case. *Hays* v. *Miller*, 1 Wash. T. 145; *Parker* v. *Dacres*, 2 Wash. T. 445, 7 Pac. Rep. 893. By the statute, the complainant had a right to redeem the property by paying the mortgage debt, with interest and costs, at any time prior to the sale, (Laws 1873, p. 149, § 563;) and by the order of the court the time was extended for a period of six months from the date of confirmation of the sale. He did not avail himself of the right of redemption given to him by law, or the grace extended to him by the court, and, by the sale of the property and lapse of time, all his rights to and interest in the property were extinguished, and the right of the purchaser to have a valid deed from the sheriff became absolute. Whether such a deed has or has not been executed and delivered is a question which is not material in this case, because it does not concern the complainant. He is in no position to litigate with the defendants any ques-

tion as to the validity or sufficiency of the instrument which their grantor accepted from the sheriff as a deed in compliance with the order of the court.

A decree will be entered in favor of the defendants, confirming their title to the land, as against the complainant.