Deering & Co. v. Irving.

## DEERING & CO. v. IRVING.

**Practice**: BILL OF EXCEPTIONS : TIME OF FILING. The statute (Code, sec. 2831) requires a bill of exceptions to be filed during the term, unless by consent of the parties, or by order of the court or judge, the time is extended. In this case the bill was filed after the term, and without any such consent or order. *Held* that it should be stricken from the files on motion in this court.

*Appeal from Franklin District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, JANUARY 18, 1889.

*Andrews & Bedell,* for appellants.

*Wm. Hoy* and *Taylor & Evans,* for appellee.

GRANGER, J.—As the case is disposed of on a motion by appellee to strike the bill of exceptions from the files, a statement of the subject-matter of the action is · unnecessary. The cause was tried, and a judgement entered for defendant, on the twentieth day of December, 1887, and the plaintiffs appeal. The term closed on

the twenty-first of December, 1887. There was no consent of parties or order of the court for a filing of a bill of exceptions after the term. The bill of exceptions was signed by the judge on the eleventh day of January, 1888, and filed on the thirteenth. These are the undisputed facts, and appellee moves to strike the bill of exceptions from the files because it was not signed and filed in the time required by law.

The determination of this question involves a construction of the following language contained in section 2831 of the Code : "The party objecting to the decision must do so at the time the same is made, and embody his objection in a bill of exceptions, to be filed during the term, or within such time thereafter as the court may fix, *but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties or order of the judge."* It may be conceded at the outset that the section contains words and phrases not easy of interpretation. The prior statute, for which this is a substitute, did not contain the words. in italics. The law then was that a bill of exceptions must be settled at the term ; at least, the statute made no provision for extending the time beyond the term. The present statute does provide for extending the time beyond the term, and the query with us is, does it give a party, as a matter of right, thirty days after the term for that purpose ? To again quote the language may aid us: "The party objecting to the decision must do so at the time it is made, and embody his objection in a bill of exceptions, to be filed during the term, or within such time thereafter as the court may fix." If we rest here, there is no question but that, if the bill is settled beyond the term, the court must fix the time. Now, let us add the italicized words to ascertain their effect: "*But in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties, or by order of the judge."* It will be observed that these words are in no sense permissive. They grant no right, and are used only to modify or limit the words preceding. Keeping

in view that, without this modifying clause, the time is limited to the term, except by order of the court, let us seek for language in the clause to change the legal import. "But in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties, or by order of the judge." Do these words express more than this : that by consent of parties, or order of the judge, the time may be extended more than thirty days ? We think not. We see nothing in its language to indicate a purpose to change the long-established rule that a bill of exceptions must be settled at the term, unless the time is extended by consent or order of the court. It is unnecessary for us to so hold in this case, but there is reason for thinking that the legislative purpose was, by the latter clause, to provide for cases in which time had been given which proved insufficient, that the parties might consent, or the judge ( for the term "judge," and not "court," is used) might act, and save to the party the right to appeal. The motion to strike from the files the bill of exceptions is sustained. This holding renders it unnecessary to consider other questions in the case.

AFFIRMED.