HARRY BENNETT v. THE CITY OF MARION, Appellant.

RULE APPLIED. An order allowing *plaintiff* sixty days to settle his bill of exceptions, made after the denial of his prayer for an 1 injunction, is not available to defendant against whom a money judgment had been previously entered, the case having been retained for further orders pertaining to the issuance of the injunction.

Appeal: BILL OF EXCEPTIONS: *Filing after term.* A bill of exceptions must be filed at the term at which the case is tried or within such time thereafter as the parties agree upon or the 1 court orders, and the right to settle such bill must be kept alive and not permitted to expire and be revived by an order of the court or judge.

"O. K." BY COUNSEL, CONSTRUED. The letters "O. K.", followed by the names of appellee's attorneys, on a bill of exceptions filed after term, will not be considered as an approval of the filing at such time, if it does not appear when the notation was made, and there is nothing to show whether it meant an approval of the filing at such time, or merely of the contents of the bill.

*Appeal from Cedar Rapids Superior. Court.*—HON. T. M. GIBERSON, Judge.

TUESDAY, FEBRUARY 2, 1897.

ACTION for damages because of the discharge of water and filth from an improperly constructed sewer, and for an injunction to abate the nuisance. There was a verdict and judgment for plaintiff for damages, but the injunction was refused. The defendant city appealed.—*Affirmed.*

*R. A. Stuart* and *J. W. Jamison* for appellant.

*Rickel & Crocker* for appellee.

GRANGER, J.—The action is for the discharge of the water and filth of the city from its sewer into

Indian creek, because of which the water of the creek was polluted, and rendered unfit for use for stock and other purposes, to the plaintiff's damage.

There was a verdict for plaintiff, on which a judgment was entered September 18, 1894. It then appears that the court retained the case for further orders pertaining to the issuance of an injunction. The record then recites: "And, the question of injunction coming on for final orders, the defendant offered and introduced the following evidence: * * * Thereupon the plaintiff offered and introduced in rebuttal the following evidence: * * * Thereupon the court took said case under advisement, and after fully considering all of the evidence in the case, together with the additional testimony, upon the question of injunction, by consent of the parties viewing the premises, finds that the plaintiff is not entitled to an injunction, and denies the same, to which ruling the plaintiff at the time excepted; and, by consent, sixty days was allowed him to settle his bill of exceptions." This last entry by the court is shown to have been made December 11, 1894, and the bill of exceptions was filed December 17, 1894. A motion is filed in this court to strike from the abstract the evidence, for the reason that the same was not preserved, or made a part of the record, by a bill of exceptions filed within the time allowed by law, or any order of the court. It will be seen that the order denying the injunction is favorable to the defendant, and that the appeal is from the judgment entered September 18. That entry was in term time, and there was no order extending the time for filing a bill of exceptions beyond the term. But, for the purpose of a part of the case, further proceedings were had as to the prayer for an injunction, the taking of evidence, and the consideration of that part of the case; and the final entry was made December 11, at which time an order was made

granting to plaintiff sixty days, by consent, to settle his bill of exceptions. It will be seen that this order is for plaintiff to settle his bill of exceptions. Appellee's contention is that there was no authority for appellant to settle his bill of exceptions after the term. Appellant urges that the bill of exceptions was pressented to the court at the time of entering judgment on the verdict, September 18, and taken by the court with the part of the case returned for further proceedings, and when the final order was made, the court granted the sixty days to settle the bill of exceptions. We have examined the original bill, and there is nothing to show when it was presented,—that is, the particular time,— but it is apparent that it was not presented until on or after December 11, 1894, because it contains the proceedings of that day, and it was filed December 17. It must have been signed by the judge on or after December 11, and before filing. There is no pretense that December 11, was not long after the term at which the judgment appealed from was entered. As to a part of the case, it was taken under advisement, and judgment entered later. It is well settled that a bill of exceptions must be filed at the term, or within such time thereafter as the parties agree upon or the court orders, or the right is lost. *Deering v. Irving*, 76 Iowa, 519 (41 N. W. Rep. 204). In *Rosenbaum v. Partch*, 85 Iowa, 409 (52 N. W. Rep. 181), the rule is again announced; and it is held, in effect, that the right to settle a bill of exceptions should be kept alive, and not be permitted to expire, and then be revived by an order of the court or judge. It is there said that the reason for extending the time ought to be discovered, and the order asked, before the original time expires. We do not forget that when a part of the case was taken under advisement, the result could not be then known, and that appellant could not, before the final entry, know how to prepare its bill of

exceptions, because it could not know from how much of the judgment it would appeal; so that, for the purpose of orders as to a bill of exceptions, we are disposed, for the purpose of this case, and with no intent to fix a general rule, to fix the time as of December 11, 1894, when the final order was made. It is not to be seriously questioned that the order made that day had no relation to the defendant, neither in letter nor in spirit. It is specific, and evidently had reference to an appeal from the order that day entered. It is what the parties agreed to. We have no authority to enlarge it. Had it not been made, the right to a bill of exceptions would have been lost. Nothing is allowable beyond the reasonable terms of the order as agreed to. Appellant's right to orders extending the right after the term was the same as appellee's, and it is not a harsh rule that requires the same diligence as to both parties.

A point is made that it does not appear when the bill of exceptions was signed, and, hence, that it will be presumed to have been signed within the regular time, which must have been December 11; citing *Claggett v. Gray*, 1 Iowa, 19. If the rule is permitted to obtain in this case, the difficulty is not avoided, for the settling and signing, even of the bill, is not enough. It is the filing afterwards that makes it of record, or such an act as will give the legal effect of filing. The law that has been construed requires the bill to be filed within the term, or such time thereafter as may be fixed. It appears affirmatively, in this case, that the filing was December 17, 1894.

It is thought, also, that the bill of exceptions is an agreed bill, and hence good. The reason for the claim is, that at the end of the bill is a notation, " O. K.  Rickel & Crocker." It does not appear when the notation was made. If we may indulge the presumption that its meaning is an

approval of the bill as to its contents, it is certainly all we can do. There is no reason for us to say that it in any way relates to the fact of filing, or is a waiver of any of the requirements of the law as to filing.

The motion to strike the evidence from the abstract is sustained. Without the evidence, there are no questions properly for our consideration, and the judgment will stand AFFIRMED.