Nettie Hanson v. J. G. Hammell and J. B. Champagne and Hammel & Champagne, Appellants.

**Risk of Employment.** Plaintiff, whose hand was injured by being caught between the rollers of an ironing mangle while she was putting bees' wax on one of the rollers in obedience to her employer's orders, was twenty-one years old, and had often used the mangle. She knew the danger of having her hand caught, and knew that the guard had been removed from in front of the rollers in order to allow her to do the work *Held,* that her employers were not liable, although they did not warn her of the danger.

**Appeal:** WHAT IS SECOND TERM AFTER APPEAL: *Abstract.* Under Code, section 4114, providing that an appeal is perfected by the service of notice on the adverse party and on the clerk of the court; and section 4116, providing that such notice must be served and the cause filed and docketed fifteen days before the first day of the next term of the supreme court, or the same shall not be submitted at that term; and, if the appeal is taken less than thirty days before the term, it must be so filed and docketed for the next succeeding term; and section 4120 providing that, if an

107   171
f112  152

107   171
130   267

107   171
135   396

107   171
139   321
139   361

abstract of the record is not filed by the appellant thirty days
before the second term after the appeal is taken, the appellee may
have the case docketed and the appeal dismissed—where an appeal
was taken April 20th, and the next term began May 8th, the October
term was the first term to which the appeal was taken, and there-
fore the abstract need not have been filed thirty days before that
term.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER,
Judge.

THURSDAY, JANUARY 19, 1899.

ACTION for damages resulting from an injury to plain-
tiff's hand by being drawn between the rollers of an ironing
mangle.  Trial to jury, verdict and judgment for the plain-
tiff, and defendants appeal.—*Reversed.*

*McVey & McVey* for appellants.

*W. G. Harvison* for appellee.

LADD, J.—This appeal was taken April 20, 1897, from
a judgment entered November 14, 1896.  The appellee asks
that the cause be dismissed because the abstract was not filed
thirty days before the October term, 1897.  As the May
term of this court began May 8th, the cause could not have
been docketed for that term, but necessarily came
on at the October term.  Section 28 of the rules of
this court provides that:  "If an abstract of the
record is not filed by the appellant thirty days before
the second term after the appeal was taken, unless further
time is given by the court, or a judge thereof, for cause shown,
the appellee may file an abstract of such matters of record as
are necessary, or may file a copy of the final judgment or
order appealed from, notice of appeal and return of service
thereof, certified by the clerk of the trial court, and cause the
case to be docketed and the appeal upon motion shall be dis-
missed, or the judgment or order affirmed."  Code, section
4120.  We have held this section mandatory, and that the

application for extension of time must be made before the
period allowed has expired, and upon notice to the adverse
party.   *Newbury v. Manufacturing Co.,* 106 Iowa, 140.
What is the first term "after the appeal was taken?"   An
appeal is taken and perfected by the service of notice in writ-
ing on the adverse party, or some one representing him, and
on the clerk of the court where the proceedings are pending.
Rules, section 13; Code, section 4114.   "A notice of appeal
must be served thirty, and the cause filed and docketed fifteen,
days before the first day of the next term of the supreme
court, or the same shall not be submitted at that term, unless
the parties consent thereto.   If the appeal is taken less than
thirty days before the term, it must be so filed and docketed
for the next succeeding term."   Rules, section 15; Code, sec-
tion 4116.   The first term to which an appeal can be taken,
then, in the absence of an agreement, must necessarily begin
thirty days or more after the notice of appeal has been
served.   If served before the immediate term following, but
within thirty days of the first day, the case must be "dock-
eted for the next succeeding term."   In such a case the notice
is served before the immediate term, but that is not the term
to which the appeal is taken, and at which the cause may be
submitted.   Undoubtedly, the abstract should be filed in time
for the first term at which the cause may be submitted, but, as
a matter of indulgence, the possible advantage of a hearing in
this court is not lost if this is done in time for the next term.
While the meaning of the statute and the rule is not free from
doubt, we think the first term contemplated that to which the
appeal might have been taken by serving the proper notice
thirty days before its first day, and the second term that
immediately following.   In the case at bar the notice was
served less than thirty days prior to the May term, and there-
fore the first term to which "the appeal was taken" was the
October term, 1897.

II.   The plaintiff, a woman of twenty-one years, had
been employed at the defendants' laundry for a period of nine

months.   During that time she had often used the ironing
mangle.   We may not be able to describe this machine
well without the use of a photograph.   It consisted of
one steam-heated cylinder about seventy-two inches
long and eighteen inches in diameter, over which were three
rollers, each about six inches in diameter, and of the same
length.   The rollers were solid, covered with canvas, and
blanketed.   The large cylinder has a highly polished metal
surface.   The machinery was put in gear so as to revolve the
cylinder and rollers on ball bearings by a sliding pulley and
pedal resting on a lever.   By touching the right end of the
pedal, they were thrown in motion, and stopped by touching
the left end.   It was impractical to remove any of them
because of the difficulty in readjusting the space between the
rollers and the cylinder.   In ironing, a box was used in front
for protection in putting in the clothes, and on the other side
was a table to catch these as they came through.   The rollers
are so close to the cylinder that sheets and pillow slips and
other clothes are ironed as they go through.   On the fifth day
of March, 1895, the defendants' foreman directed the plain-
tiff to bring beeswax and sapolio from the second floor, where
she was working, to the first floor, and clean the mangle.   This
she had never done before.   The box in front had been
removed.   There was starch on the large cylinder, and sapolio
was used in removing it.   After having cleaned and wiped
the cylinder, the plaintiff took beeswax in her right hand,
and applied it to the cylinder, while wiping and smoothing it
on the surface with a cloth in her left hand.   For this purpose
she had put the cylinder in motion, and, accidentally getting
her left hand too near the small rollers, it was caught and
drawn in, and thereby seriously and permanently injured.
She had received no instructions with respect to the danger in
so using the machine, but, from her use of it in ironing, knew
that her hand would be injured if caught between the rollers
and the cylinder.   She testified: "I could see the rollers
plainly and could see the clothes go in, and knew if I put my
fingers there they would go in just like the clothes.   *   *   *

I knew if I put my fingers in that roller, I would get them smashed. I knew it all the time. It did not require any experience to tell that." She also testified that she was cautious in handling the machine, and that, to put the beeswax on properly, the cylinder must be turned; also that she was watching her hand carefully at the time it was caught. Just what surface of the large cylinder was exposed is not clear. One of the defendant firm testified it would be about one-half, while plaintitff says it was not very much. The appellants insist that the evidence discloses no negligence on their part, and in this they are confirmed by the record. Calling the plaintiff from her customary employment, and directing the temporary work of cleaning the mangle, was not a negligent act, unless in doing so her employers omitted some duty to her as their employe. Thus, if the work ordered was of a dangerous character requiring peculiar skill in its performance, and she did not possess the requisite knowledge or skill to do it with safety, and this was known to her employers, or might reasonably be supposed to have been known to them, then they would be liable, even though the employe undertook the work without protest. *Railway Co. v. Adams,* 105 Ind. 151 (5 N. E. Rep. 187); *Lalor v. Railway Co.,* 52 Ill. 401; *Railway Co. v. Bayfield,* 37 Mich. 205; *O'Connor v. Adams,* 120 Mass. 427; *Railway Co. v. Fort,* 17 Wall. 553. If, however, the servant is competent to comprehend the danger, or, in fact, knows it, the master is not liable. This is because he is not required to point out perils which are apparent, or which the servant may reasonably be expected to know. In *Cole v. Railway Co.,* 71 Wis. 114 (37 N. W. Rep. 89), it was held that "when an employe of mature years, of ordinary intelligence and experience, is directed to do a temporary work outside of the business he has engaged to do, and consents to do such work without objection on account of his want of knowledge, skill, or experience in doing such work, no negligence of the employer can be predicated upon that state of facts alone." In that case the servant's ordinary employment apprised him somewhat of the perils of the temporary

work he was doing when injured. Had the temporary work been entirely different in kind, and the perils not obvious, and of such a character that the servant could acquire no knowledge of them in the ordinary business in which he was engaged, or if forced to perform such temporary work against his protest, the rule might be different. *Paule v. Mining Co.,* 80 Wis. 350 (50 N. W. Rep. 190); *Leary v. Railway Co.,* 139 Mass. 587 (2 N. E. Rep. 115). It was said in *Cummings v. Collins,* 61 Mo. 523: "The defendants are not liable for any injury resulting from causes open to the observation of the plaintiff, and which it required no special skill and training to foresee were likely to occasion him harm, although he was at the time engaged in the performance of a service which he had not contracted to render." The rule seems to be well settled that if the employe knows, or may reasonably be supposed to know, the dangerous character of the temporary work to which he is called, the employer is not negligent in requiring the work without explaining its character. *Wormell v. Railway Co.,* 79 Me. 397 (10 Atl. Rep. 49); *Leary v. Railway Co., supra; Rummell v. Dilworth,* 111 Pa. St. 345 (2 Atl. Rep. 355); *Cahill v. Hilton,* 160 N. Y. 512 (13 N. E. Rep. 339); *Newbury v. Manufacturing Co.,* 100 Iowa, 441. In the case at bar the plaintiff was familiar with the working of the mangle. She knew how to run it, and knew the danger of allowing her hand to be caught between the rollers and the cylinder, as she states in her testimony. Indeed, this was apparent to any intelligent person of mature years. For what purpose, then, warnings, orally or in posted rules? These could have added nothing to her information of the perils of her employment. If there was insufficient space on the cylinder to apply the beeswax safely in turning it, this was obvious to her. True, in ironing, she had the protection of the box in front, but the removal of this was known to her. Whether it would have been practical to clean the cylinder from the discharging side is doubtful, as this would have required the removal of the table, and the performance of the work from beneath, while the lever for

starting and stopping the machine was on the other side. Besides, the possibility of so doing was as evident to her as to the defendants. She undertook to apply the beeswax from the front, the dangers of doing which were obvious; and she cannot be heard to complain because some other method was not pursued. The beeswax could have been safely applied had she, in doing so, exercised care commensurate with the danger of having the hand caught. The particular peril attending the performance of the work as she did it was apparent to her and fully comprehended, and for this reason any admonition on the part of the defendants as to the manner of doing it was unnecessary. *Bohn v. Havemeyer,* 46 Hun. 557; *Thompson v. Allis Co.,* 89 Wis. 523 (62 N. W. Rep. 527); *Fones v. Phillips,* 39 Ark. 17; *Engine Works v. Randall,* 100 Ind. 293.—REVERSED.