KENNUNGUNDA P. ARENDS, Appellee, v. JOHN FRERICHS et al., Appellants.

**APPEAL AND ERROR:** Rehearing—Mandatory Nature of Notice. The
1   statutory rule that notice of intention to petition for a rehearing must be served on both the opposite party and the clerk of the Supreme Court within 30 days after the filing of the opinion is *mandatory,* and in the absence of such service, the petition for rehearing will be dismissed.

**APPEAL AND ERROR:** Waiver of Statutory Rules. Principle re-
2   affirmed that the Supreme Court may not waive *statutory* rules governing appellate procedure.

**APPEAL AND ERROR:** Extensions of Rule Time. Principle reaf-
3   firmed that applications for extension of time in which to perform acts of appellate procedure must be made *before* the established rule time has expired.

*Appeal from Grundy District Court.*—THOMAS J. GUTHRIE, Judge.

FEBRUARY 7, 1922.

APPELLEE files motion for an extension of time in which to serve and file notice of intention to petition for rehearing. Appellants move to dismiss the petition for rehearing. Appellee's motion *overruled.* Appellants' motion *sustained.*

*Edwards, Longley, Ransier & Harris* and *F. A. Ontjes,* for appellants.

*Deacon, Good, Sargent & Spangler,* for appellee.

PER CURIAM.—The opinion in this case was filed on October 18, 1921. On November 16, 1921, the appellee served upon

counsel for the appellants a notice of intention to petition for

1. APPEAL AND
ERROR: rehear-
ing: mandatory
nature of notice. a rehearing in said cause. The attorneys for the appellee forwarded said notice to the clerk of this court, for acceptance of service and filing thereof by the clerk. Said notice, however, was not received by the said clerk until some time on November 18th. Thereafter, and within 60 days from the said 18th day of October, the appellee presented her petition for rehearing to the clerk of this court, and requested that same be filed. Two motions are presented to us upon this state of facts: One by the appellee, filed herein December 16, 1921, supported by affidavit, wherein the movent prays the entry of an order directing the waiver of the rule requiring notice of intention to file a petition for rehearing to be served upon the clerk of this court within 30 days after the filing of the opinion, and directing the clerk to accept service on said notice of intention to file petition for rehearing, and to file the same, and also to receive and file the said petition for rehearing. The appellants not only resist this application for a modification of the rules, but move to dismiss the petition for rehearing, because notice of intention to file the same was not served within 30 days from the date of the filing of the opinion in said cause.

Section 4149 of the Code provides as follows:

"Written notice of intention to petition for a rehearing shall be served on the opposite party or his attorney and the clerk of the Supreme Court within 30 days after the filing of the opinion, or within such time as the court may by rule prescribe."

Rule 66 of the rules of this court is as follows:

"Written notice of intention to petition for a rehearing shall be served on the opposite party or his attorney, and the clerk of this court, and filed with the clerk, within 30 days after filing of the opinion or decision, and if no such notice is served, the petition for rehearing shall not be filed after the expiration of such 30 days."

It is apparent, under this statute and under our rules, that it is imperative that written notice of intention to petition for rehearing in any case must be served upon the opposite party or his attorney, and also upon the clerk of this court, within

30 days after the filing of the opinion in any case. This is provided by statute, and is mandatory. It is contended, however, by the appellee that the statute provides that a different time than the 30-day period may be prescribed by rule of this court. Section 4149 does provide that the written notice of intention shall be served and filed within 30 days, or within such time as the court may by rule prescribe. The rule, No. 66, however, is in conformity with the statute, and neither limits nor extends its plain provisions. As bearing on this question, see *Hanson v. Hammell*, 107 Iowa 171.

We have held that, while we have the power to waive or modify our rules, we cannot change the requirements of the statute. *Newbury v. Getchell & M. Lbr. & Mfg. Co.*, 106 Iowa 140.

2. APPEAL AND ERROR: waiver of statutory rules.

But whether or not we could extend the time for the service of the notice of intention to petition for a rehearing in any case, it is well settled, under our previous holdings, that any application for such extension of time must be made before the time in which the act should be performed has expired. In the instant case, the application for the waiver of the rule and for the extension of the time in which to serve the notice of intention to petition for rehearing was not served until the 14th day of December, 1921, twenty-eight days after the time within which the notice of the intention to petition for rehearing should have been served.

3. APPEAL AND ERROR: extensions of rule time.

It is contended that, under Rule 97, we should now waive Rule 66 in the instant case, and extend the time for serving the notice of intention to petition for rehearing. Rule 97 provides as follows:

"When, by reason of peculiar circumstances, the foregoing rules relating to the abstract, preparation, and argument of causes, ought to be waived or modified in any case, the party desiring such waiver or modification may, upon reasonable notice to the adverse party, apply to any judge of this court in vacation, or to the court in term time, for an order directing the waiver or modification desired."

It will be noticed that this section refers to the rules relating to the abstract, preparation, and argument of cases. If it

is to be extended so that it would apply to the time of serving notice of intention to petition for rehearing, still it could not avail the appellee in the instant case. No application for any extension of time was made within the 30-day period, nor until long after such period had expired. Under such circumstances, neither the court nor a judge thereof, under Rule 97, will grant to an applicant a right which has once been lost. *Newbury v. Getchell & M. Lbr. & Mfg. Co.*, supra; *White v. Guarantee Abstract Co.*, 96 Iowa 343; *Bennett v. City of Marion*, 101 Iowa 112.

Appellee's notice was not served within the time required by the statute and by the rules of this court. The application for waiver of the rules and extension of the time was not filed or served until 28 days after the time for serving the notice had expired. The 30-day period provided for in Section 4149 is statutory, and it will so continue, in the absence of a court rule fixing a different period. No different period has been fixed by any rule of this court. Conceding that we have power, under certain circumstances, to waive strict compliance with the rules which we have promulgated, we cannot do so where the matter sought to be obviated is statutory, and where our rules in respect to the subject merely conform to the statute.

It follows that the appellee's motion for a modification of the rules and an extension of time for service and filing of notice of intention to petition for rehearing must be *overruled* and the appellants' motion to dismiss the petition for rehearing must be *sustained.* It is so ordered.