WILLIAM ARND, Appellee, v. W. J. JONES, Appellant.

**APPEAL AND ERROR:** Dismissal—Failure to Serve Abstract. Failure to *serve* an abstract on appellee 40 days before the first day of the second term after the appeal is taken will not entitle appellee to a dismissal, when the cause was docketed and the abstract filed more than 30 days prior to said term.

**APPEAL AND ERROR:** Abstracts—Right to Strike. The court may strike a so-called abstract which is but a transcript of the trial record, and grant appellant the privilege of filing a new abstract.

*Appeal from Montgomery District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 11, 1923.

ACTION upon three promissory notes. A defense of fraud in the inception of the notes was interposed, and plaintiff claims to be a bona-fide purchaser in due course. At the conclusion of the testimony, the court directed a verdict for plaintiff, and the defendant appeals.—*Motion to dismiss overruled; motion to strike abstract sustained.*

*Ratcliff & Swanson,* for appellant.

*George Mayne* and *Clifford Powell,* for appellee.

PER CURIAM.—I. Appellee filed a motion to dismiss the appeal. The judgment in the case was rendered October 21, 1921. Notice of appeal was served April 13, 1922, which was

1. APPEAL AND ERROR: dismissal: failure to serve abstract.

less than thirty days prior to the May, 1922, term of this court. Under our holding in *Hanson v. Hammell,* 107 Iowa 171, the appellant was required to file his abstract for the January, 1923, term, in order to escape the penalty of dismissal or affirmance, under Rule 39. The case was docketed and the abstract filed more than thirty days prior to the said January term. Appellee concedes that this was timely.

It appears, however; that the abstract was not *served* on appellee, or his attorneys, forty days before the first day of the January term, as is required by Rule 30. In such case, the rule provides that:

"No cause shall be heard until forty days after such service and thirty days after such filing with the clerk, unless advanced by order of the court."

Where the case is docketed and the abstract served and filed so that jurisdiction is obtained, the penalty for a failure to serve the abstract forty days before the first day of the term is not that the appeal shall be dismissed, but that the cause shall not be heard until after forty days from such service. In this case, the cause was not set for submission until the September term,

1923, and was not heard until on or about November 14, 1923, some nine months after the abstract was served. The penalty provided by the rule, of not having the case heard until more than forty days after the service of the abstract, was not available to the appellee, under this record.

The motion to dismiss the appeal is overruled.

II. Appellee also files a motion to strike appellant's abstract and affirm the case because the abstract does not comply with the rules of this court in the manner of its preparation.

The abstract is prepared with little or no regard for the rules. Rule 52 provides:

"The rule to be observed in abstracting a case is: Preserve everything material to the questions to be decided and omit everything else." This is reasonably simple.

Rule 31 provides that the abstract shall include "only. so much of the record as may be necessary to a full understanding of the question presented for decision." This is not ambiguous.

The abstract in this case totally disregards these rules. It can scarcely be called an abstract. It is virtually a complete transcript of the record, with questions and answers set out *in extenso,* and including rulings, arguments of counsel thereon, and observations of the court. None of this was necessary or proper. Under Rule 31, it is within our discretion to order a new abstract prepared, in conformity with the rule, or to affirm the judgment of the lower court, without considering the appeal.

2. APPEAL AND ERROR: abstracts: right to strike.

The case was decided on a motion for a directed verdict. We should not be compelled, under such circumstances, to read numerous pages of record set out by question and answer. The evidence should have been abstracted in a concise manner, so as to present for our consideration the ultimate questions of fact involved in the case. This court cannot spend its time reading numerous pages of abstract which are a mere transcript of the record.

Appellee's motion to strike appellant's abstract is sustained. Appellant will be required to serve and file a new abstract in said cause, prepared in conformity with the rules of this court, within thirty days from the filing of this opinion. This without prejudice to right of appellee to file amendment thereto.

The order of submission will not be set aside if an abstract is so served and filed within said time. Otherwise, the appeal will be dismissed, and the judgment of the trial court affirmed.

The costs of printing of appellant's abstract now on file will be taxed to the appellant.—*Motion to strike abstract sustained.*