A. B. MULLENIX, Appellee, v. FAIRFIELD NATIONAL BANK, Appellant.

APPEAL AND ERROR: Dismissal—Failure to File Abstract—"Second Term" Defined. The statutory provision that an appeal may be dismissed if the abstract is not filed "30 days before the second term" after the taking of the appeal, means "30 days before the second term *at which the appeal can be submitted*," in view of other provisions of the statute. (Secs. 12847, 12848, Code of 1924.)

Headnote 1:   4 C. J. p. 463.

*Appeal from Jefferson District Court.*—E. S. WELLS, Judge.

JANUARY 12, 1926.

MOTION to dismiss appeal for failure to file abstract.—*Motion denied.*

*Thoma & Thoma,* for appellant.

*Starr & Jordan,* for appellee.

VERMILION, J.—The notice of appeal was served on January 6, 1925. The abstract was filed in the office of the clerk of this court on July 28, 1925. The appellee moves to dismiss the appeal, or affirm the judgment, because the abstract was not filed in time.

A regular term of this court began on January 13, 1925, another on May 5, 1925, and the third on September 22, 1925. Section 12847, Code of 1924, is as follows:

"An abstract of the record shall be filed in the office of the clerk of the Supreme Court thirty days before the second term after the appeal was taken. If the abstract is filed fifteen days before the first day of the next term of court the cause shall be placed on the calendar for that term and come on for hearing, unless otherwise ordered by the court."

Section 12848 is in part as follows:

"If an abstract of the record is not filed by appellant thirty days before the second term after the appeal was taken, unless further time is given before the expiration of said time by the court or a judge thereof for good cause shown, the appellee may file an abstract of such matters of record as are necessary, or may file a copy of the final judgment or order appealed from, or other matters required, certified to by the clerk of the trial court, and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed."

In *Hanson v. Hammell*, 107 Iowa 171, we had under consideration the provisions of the Code of 1897, and particularly Section 4116, providing that:

"A notice of appeal must be served thirty, and the cause filed and docketed fifteen, days before the first day of the next term of the Supreme Court, or the same shall not be submitted at that term unless the parties consent thereto. If the appeal is taken less than thirty days before the term, it must be so filed and docketed for the next succeeding term."

We there said:

"The first term to which an appeal can be taken, then, in the absence of an agreement, must necessarily begin thirty days or more after the notice of appeal has been served. * * * While the meaning of the statute and the rule is not free from doubt, we think the first term contemplated that to which the appeal

might have been taken by serving the proper notice thirty days before its first day, and the second term that immediately following.   In the case at bar, the notice was served less than thirty days prior to the May term, and therefore the first term to which 'the appeal was taken' was the October term, 1897.''

See, also, *Hogan v. Ross*, 200 Iowa 519.

In the Code of 1924 there is no provision corresponding to Section 4116, Code of 1897, and providing how long before a term of this court notice of appeal must be served in order for the cause to be submitted at such term.   Does it result from this that the rule laid down in *Hanson v. Hammell* is no longer applicable, and that the ''second term after the appeal was taken'' must now be construed to mean the second term in point of time, although the appeal could not, under other provisions of the statute, have been submitted at the first term?

Where the appeal is taken fifteen days before the first day of the term, there is nothing in the statutes expressly or by implication prohibiting a hearing at that term; on the contrary, a hearing at such term is expressly provided for where the abstract is filed fifteen days before the term.   Section 12847, supra.

But where the appeal is taken less than fifteen days before the commencement of a term, it is obvious that the abstract cannot be on file fifteen days before such commencement, and the cause cannot be heard at such term.   In such a situation, if we follow the thought of the *Hanson* case that the first term contemplated by the statute is that at which the appeal might have been heard, the ''second term after the appeal was taken'' is not necessarily the second in mere point of time, but the second term at which the cause could be heard.

The construction contended for by appellee would impose the penalty of dismissal or affirmance for a failure to file the abstract thirty days before the first term at which the appeal could have been heard; while we think the clear intent of the statute is that dismissal or affirmance shall follow a failure to file the abstract thirty days before the second term at which the cause could have been submitted.

In the instant case, the appeal was taken less than fifteen days before the first day of the January term, and it could not

have been heard at that term.. The May term was, therefore, the first term after the appeal was taken at which it could have been submitted; and the penalty of affirmance or dismissal of the appeal could only be imposed on a failure to file the abstract thirty days before the September term, the second at which the appeal could be heard.

The abstract was filed in time, and the motion to dismiss the appeal or affirm the judgment is—*Denied*.

DE GRAFF, C. J., and EVANS, STEVENS, and FAVILLE, JJ., concur.