MARSHALL INVESTMENT COMPANY, Appellee, v. D. F. McCOY et
al., Appellees; MADISON COUNTY, Appellant.

APPEAL AND ERROR: Abstracts of Record—Required Time for Fil-
ing.  If an appeal is taken more than 15 days before the first term
of the Supreme Court thereafter, an abstract need not be filed for
said term, but *must* be filed at least 30 days before the next suc-
ceeding term, or the appeal will be dismissed.

Headnote 1:   4 C. J. pp. 463, 470.

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

MARCH 19, 1926.

JUDGMENT was entered in this case on June 19, 1925.  No-
tice of appeal was served September 5, 1925.  The next term
of this court began on the 22d day of September, 1925, more
than 15 days after the service of notice of appeal.  Appellee
moves to dismiss the appeal because the abstract was not filed
30 days before the January term, 1926.—*Motion sustained; ap-
peal dismissed.*

*C. E. Hamilton,* for appellant.

*John A. & W. T. Guiher,* for appellee.

MORLING, J.—In *Mullinex v. Fairfield Nat. Bank,* 201 Iowa
137, we said:
"Where the appeal is taken 15 days before the first day
of the term, there is nothing in the statutes expressly or by
implication prohibiting a hearing at that term; on the contrary,
a hearing at such term is expressly provided for where the ab-
stract is filed 15 days before the term.  Section 12847, Code of
1924."
In that case, notice of appeal was served less than 15 days
before the next following term, and we held that the second
term at which it could be heard would be the second term com-
mencing 15 days or more after the notice of appeal was served.
Following the reasoning of that case and of *Hanson v. Ham-
mell,* 107 Iowa 171, we hold that, as the notice of appeal in

this case was served more than 15 days before the first day of the September term, 1925, that term was the first term, and the January term, 1926, was the second term, for the purpose of filing abstract. The abstract not having been filed 30 days before the January term, 1926, the appeal must be, and it is,—*Dismissed.*

DE GRAFF, C. J.; and EVANS and ALBERT, JJ., concur.