SHORT v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1.   **Appeal:** BILL OF EXCEPTIONS FILED TOO LATE.   Where sixty days were allowed defendant within which to file a bill of exceptions, but none was filed until long after the expiration of that time, when one was filed by leave of court, and when a certified record of the evidence was also for the first time filed, *held* that a motion to dismiss the appeal should be sustained, at least so far as to strike from the record what purports to be the evidence. (Compare *Deering v. Irving,* 76 Iowa, 519.)

2.   ———: INSTRUCTIONS : EVIDENCE WANTING : PRESUMPTION. This court will presume that an instruction given by the trial court was justified by the evidence, where the evidence is stricken from the record.

*Appeal from    Pottawattamie    District    Court.*—HON. GEORGE CARSON, Judge.

FILED, JANUARY 24, 1890.

THE plaintiff claims to be the owner of a lot in the city of Council Bluffs: and, she brought this action against the defendant to recover the damages which she alleges she sustained by reason of the laying down of railroad tracks partly on the street adjacent to said lot, and partly upon said lot.    The defendant answered the petition by a general denial.    There was a trial by jury, which resulted in a verdict and judgment for the plaintiff for one hundred dollars.    Defendant appeals.

*Wright, Baldwin & Haldane*, for appellant.

*D. C. Bloomer* and *Flickinger Bros.*, for appellee.

ROTHROCK, C. J.—I. It appears from what is claimed to be an abstract of the record that the case was tried upon the oral testimony of wit-

**1. APPEAL: bill of exceptions filed too late.**

nesses, and a claim of defendant that it was authorized to do the acts complained of by virtue of a written contract made between the defendant and the Kansas City, St. Joseph and Council Bluffs Railroad Company. The judgment appealed from was rendered on the thirtieth day of June, 1888; and the judgment entry contained the following clause: "The defendant is to have sixty days in which to file a bill of exceptions herein." No bill of exceptions was filed within the sixty days, and no action was taken by defendant during that time for an extension of the time within which to file exceptions.

The plaintiff moves to dismiss the appeal because of the failure to perfect the record within the time fixed by the court. In resistance of this motion it is made to appear that on the first day of October, 1888, the defendant filed a motion in the court below for leave to file a bill of exceptions as of the twenty-eighth day of August, 1888. The motion was heard; and on the thirteenth day of April, 1889, the court sustained the same so far as to allow the defendant to file the bill of exceptions as of that date, and the motion was otherwise overruled. On the same day the defendant filed in open court a duly-certified record of the evidence. It may be conceded that if this certified record had been filed within the time fixed by the court it would have been sufficient as a bill of exceptions. But it was not filed within sixty days from the date of the judgment, nor until more than seven months after the time fixed by order of the court; and the court refused to make a *nunc pro tunc* order in the premises. Whether it is allowable to permit the time fixed for filing the bill to expire and then to obtain a *nunc pro tunc* order

upon a motion for that purpose, we need not determine in this case, because no such order was made by the court below. The motion to dismiss must be sustained, so far at least as to strike what purports to be the evidence from the record. See *Deering v. Irving*, 76 Iowa, 519.

II. It is claimed, however, that the judgment should be reversed for error in the instructions given by the court to the jury. The instructions are

2. ——: instructions: evidence wanting: presumption.

claimed to be inconsistent and contradictory. Whether they are vulnerable to the objection, when considered in connection with what is claimed to be the evidence in the case, we cannot determine. The court instructed the jury that the defendant would be liable even if it obtained a lease from the Kansas City Company. We cannot determine the correctness of this instruction. It involves a construction of the lease referred to, and we will presume that it was properly construed by the court. We think the judgment must be                     AFFIRMED.