ROSENBAUM BROS., Appellants, v. E. H. PARTCH & SONS, *et al.*, Appellees.

**Appeal: BILL OF EXCEPTIONS: TIME OF FILING.** Where nearly two months after the expiration of the time agreed upon between the parties to a cause for filing a bill of exceptions, the defeated party, at a subsequent term, by motion in the district court, without notice to the opposite party, obtained leave to file a bill of exceptions within ten days thereafter, *held*, that the trial court was without power to make the order.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, MAY 21, 1892.

THIS is an action at law.   It was tried to the court without a jury, and a judgment was entered for the First National Bank of Rock Rapids which is a defendant by intervention.   The plaintiffs appeal.—*Affirmed.*

*McMillan & Van Wagenen* and *Cole, McVey & Cheshire,* for appellants.

*E. C. Roach,* for appellee.

ROTHROCK, J.—As the appeal must be disposed of upon a motion to strike the bill of exceptions from the files, it is unnecessary to make a statement of the contention of the parties, so far as the merits of the action are involved, further than to say that the issues involve questions of fact, and a trial was had largely upon the testimony of witnesses, which was reduced to writing by a shorthand reporter. The judgment entry was made on the twenty-fifth day of October, 1889. The following was made part of the entry, to-wit: "By consent, each of said parties has ninety days to file bill of exceptions." The time for filing the bill of exceptions expired on the twenty-fifth day of January, 1890.

No bill of exceptions was then on file. At the next term of the district court, and on the fifteenth day of March, 1890, a motion was filed for leave and time to file bill of exceptions; and on the same day the motion was sustained, and an order made that the bill of exceptions should be filed within ten days from that date. The record does not contain the motion, or the grounds thereof, nor does it appear that any notice of the motion was served upon the appellee. A bill of exceptions was filed on the twenty-fifth day of March, 1890.

A bill of exceptions was necessary to preserve the evidence, because, although it appears that the shorthand notes of the evidence were filed at the close of the trial, it does not appear that said shorthand notes were certified by the judge before whom the cause was tried. This is the state of the record, so far as necessary to determine the motion to strike the bill of exceptions from the files. It is true that there are

affidavits and counter affidavits filed by counsel as to what they think was of record, and as to other matters. But these affidavits are no part of the record, and cannot be considered. We must determine what the record is by what it affirmatively shows. Section 2831 of the Code is as follows: "The party objecting to the decision must do so at the time the same is made, and embody his objection in a bill of exceptions, to be filed during the term, or within such time thereafter as the court may fix; but in no event shall the time extend more than thirty days from the expiration of the term, except by consent of parties or order of the judge." In this case the time was extended by the consent of the parties for ninety days and no longer. The appellants did not file a bill of exceptions within that time. The time was allowed to expire, and the appellee had the right to believe that the appeal was abandoned, because the errors complained of could not be determined in this court without an examination of the evidence. The record shows that nearly two months after the right to file a bill of exceptions had expired the appellants presented a motion to the court, and without notice to the appellee an order was made, not to extend the time for filing the bill, for the time had already expired, but for "leave and time" to file the bill. This was an original application for leave to file the bill, and we think that the court had no power to make the order. Surely, the statute above cited authorizes no such proceeding. It was held in *Short v. Chicago, M. & St. P. Railway Co.*, 79 Iowa, 73, that, where the court made an order of leave to file a bill of exceptions seven months after the time had expired for filing the same, the appeal should be dismissed. It is true that in this case the time is not so long, but we think that it is not too much to require that, if there is any reason for extending the time by an application to the court or judge, it ought to be discovered, and the order asked

before the original time given expires. The bill of exceptions will be stricken from the files, and the judgment AFFIRMED.