96   343
106   149

John A. White, Appellant, v. The Guarantee Abstract Company, *et al.*

**Bill of Exceptions:** NUNC PRO TUNC ORDER.   Under Code, 2831, which provides that the bill must be filed during the term or within such time thereafter as the court may fix and that time shall not extend more than thirty days after the term except by consent of the parties or order of the judge, neither court nor judge can give the right to file such bill after the time allowed by order of court has lapsed.   While it may be that the right given can be extended before it is lost, it cannot be revived.

*Appeal from Union District Court.*—Hon. H. M. Towner, Judge.

Thursday, December 12, 1895.

Action for the wrongful levy of an attachment. The court directed a verdict for the defendants, and the plaintiff appealed.—*Affirmed.*

*Jas G. Bull* for appellant.

*Maxwell & Winter* and *Camp & Ickis* for appellees.

Granger, J.—There is a motion by appellees to strike from the abstract the evidence and bill of exceptions.   At the trial of the cause thirty days was allowed to appellant in which to settle his bill of exceptions.   The thirty days expired and on the eighteenth day of October, 1894, the bill of exceptions was not settled within the time.   October 24, 1894, appellant filed a motion for leave to file a bill of exceptions, which motion was supported by an affidavit to the effect that the bill of exceptions was prepared October 17, 1894, and submitted to the opposite attorneys, who approved the same; and that it was then mailed to the judge at his home, for his signature; and that the bill

was not signed because of the absence from home of the judge; that the defendant and his attorney then refused to stipulate as to a bill of exceptions. On the thirteenth day of November, 1894, the motion for leave to file a bill of exceptions was sustained, and a bill of exceptions authorized to be filed as of October 18th, and it was so filed. The fact as to failure to file within the time is admitted in argument, and an attempt is made to sustain the record as made in the abstract, by the showing as to the absence of the judge; the refusal to stipulate; and a professional statement as to the absence of the attorney for appellant from the state, because of the sickness, death, and burial of his daughter, until October seventeenth, the day on which the bill of exceptions was prepared and mailed to the judge for his signature. For the purpose of this motion it may be conceded that the equitable considerations are all favorable to the appellant, and that his attorney, in view of the facts, was diligent. Yet, under the express language of the law (Code, section 2831), providing that bills of exceptions must be filed during the term, "or within such time thereafter, as the court may fix," followed by the words, "but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties, or by order of the judge," these considerations are of no avail. The statute gives no leeway for the exercise of discretion. The only reliance in this case is the order of the court making, in effect, a *nunc pro tunc* order, after the right to file the bill of exceptions was lost under the first order. In *Rosenbaum v. Partch*, 85 Iowa, 409 (52 N. W. Rep. 181), where the time had expired, as in this case, and an order was, on motion, obtained "for leave and time to file the bill" it is said: "We think it not too much to require that, if there is any reason for extending the time by an

application to the court or judge, it ought to be discovered, and the order asked before the original time expires." In that case the bill of exceptions was stricken from the files. The holding is conclusive of this case. It will be well to specifically state that when the time for filing a bill of exceptions, as fixed by law, the consent of parties, or the order of the court or judge expires, so that the right must be revived, rather than extended, neither the court nor judge has that right. While either may possess the right, by proper order, to extend or continue the time for the exercise of such right, neither has the right, when it is once lost to restore it. See, upon the same question, where we decline to consider excuses for a failure to file within the time, *Barber v. Scott*, 92 Iowa, 52 (60 N. W. Rep. 497), where the authorities are cited. The motion to strike the bill of exceptions must be sustained.

As the motion on which the court directed a verdict for the defendant is based on the evidence, which is not in the record, there are no other questions to be considered, and the judgment will stand *affirmed*.