. ` LYDIA E. BARRINGER v. F. E. RYDER *et al*, Appellants.

.Action to Set Aside a Deed:   SURETY:   INDEMNITY BY THIRD PER-
     SON:  WANT OF CONSIDERATION:   A conveyance to a surety by
1    one not liable on the note, in consideration that he substitute
     his individual note for the one on which he is surety, will
     be set aside for want of consideration.

:Statute of Another State:   PRESUMPTION:   PROOF IF CLAIMED DIF-
2    FERENT.   In the absence of proof to the contrary the statutes
     of another state will be presumed  to be the same as our own,
     and if claimed different such fact must  be  alleged and proved.

:Deed:   WHEN EQUITY MAY DECREE CANCELATION:   Where the court
3    has jurisdiction of  the parties, equity may decree a  cancela-
     tion of a deed though the land is situated in another state.

.*Appeal  from   Palo   Alto   District   Court.*—HON. A. D.
                         BAILIE, Judge.

                  FRIDAY, JANUARY 23, 1903.

     ACTION to set aside a deed for want of consideration,
;and for fraud in its procurement.   Judgment for the plain-
tiff.   The defendants appeal.—*Affirmed.*

     *B. E. Kelly* for appellants.

     *Morling & Davidson* for appellee.

     SHERWIN, J.—The defendant F. E. Ryder was surety
on past due notes given by two of the plaintiff's sons to a
bank in Ruthven.   He alleges in his answer that he en-
tered into an agreement with the plaintiff whereby he was
to either pay those notes, or to substitute his individual
note therefor, in consideration of which she was to secure
him for so doing by a conveyance to him of the land in
question, and that it was deeded to him pursuant to such
agreement, and after he had executed his individual note

to the bank in place of the ones upon which he was a surety for the sons. We need not determine whether fraud was practiced on the plaintiff in the procurement of the deed from her, for it clearly appears that, as to the conveyance of her interest in the land, it was wholly without consideration. The plaintiff had no interest in the notes which her sons had given the bank, nor was she in any way legally or morally bound to protect the bank or this defendant, who had become their surety. On the other hand, he, as surety, was legally bound to pay the notes upon the default of his principals; and when he entered into the alleged contract with the plaintiff he was simply agreeing to perform his legal duty, and nothing more, and this furnished no consideration for the conveyance. *Ayres v. Railroad Co.*, 52 Iowa, 478; *Eastman v. Miller*, 113 Iowa, 404.

1. SURETY: indemnity by third person: want of consideration for deed.

It is contended in argument that it was a part of the alleged agreement that the defendant should refrain from instituting proceedings against his principals for his own security, and that he complied therewith. The evidence does not sustain this claim. When carefully analyzed, it shows nothing more than a threat to do what he had already attempted in that line without results.

II. The land conveyed in the deed is in Wisconsin, and, because the statute of that state was not in evidence, it is said that the court could not determine the plaintiff's dower interest therein. The court found that she had an estate for life in the undivided one-third thereof. Of this the defendant has no right to complain. The plaintiff pleaded this interest, and claimed nothing more. In the absence of any evidence to the contrary, it will be presumed that the statutes of another state are the same as our own; and, if it is claimed that they are different, such fact must be alleged and proved. *Hadley v. Gregory*, 57 Iowa, 157; *Bean v. Briggs,*

2. Statute of another state: presumption: proof if claimed different.

4 Iowa, 464; *Davis v. Railroad Co.*, 83 Iowa, 744.  In the absence of any proof on the subject, the plaintiff was entitled to all the interest that she claimed, because it was less than our statute would give her.

III.  Although the land conveyed by the deed in question is in Wisconsin, all of the parties to this action are residents of Palo Alto county, and all of the defendants were personally served with notice and defended.  This case is analogous to one for specific performance, and a court of equity, having jurisdiction of the person, may entertain it, whether the land affected by the decree be within its jurisdiction or not.  *Gilliland v. Inabnit*, 92 Iowa 46, *Epperly v. Furguson*, 118 Iowa, 47, and cases cited.

3. DEED: when equity may decree cancelation.

The judgment is AFFIRMED.