S. F. DONALDSON, Appellee, v. W. H. SMITH AND SARAH M. SMITH, Appellants.

Contract for Sale of Land: SPECIFIC PERFORMANCE. Where a contract of the husband to sell and convey his real estate is in writing and is unconditional, a refusal of the wife to join in a deed will not defeat an action for specific performance, and a decree directing preformance and quieting the title in the vendee, which protects the wife's contingent interest, is proper.

Specific Performance: CHANGE OF VENUE. An action for specific performance of a contract to convey land may properly be brought in the county where the land is situated, and residence of the owner in another county is not a ground for a change of venue.

Admission of Evidence: REVIEW. Where evidence in an equity action is taken subject to objection, rulings on its admission will not be reviewed.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

MONDAY, JANUARY 25, 1904.

SUIT in equity for the specific performance of a contract for the conveyance of real estate. The trial court granted the relief asked, and defendants appeal.—*Affirmed.*

*Brown & Brown* for appellants.

*Stockman & Hamilton* for appellee.

DEEMER, C. J.—Plaintiff and defendant W. H. Smith entered into the following contract:

"This contract and agreement entered into this twenty-eighth day of October, 1901, by and between William H. Smith, party of the first part and Sam'l F. Donaldson, party of the second part, whereby the first party for and in consideration of sixteen hundred dollars ($1,600) does by these presents grant, bargain and sell unto the second party that parcel of land described as follows:—The north-west quarter of the north-west quarter of section twenty-two (22) township seventy eight (78) north of range twelve (12) west of the 5th P. M. in Dayton Township, Iowa County, Iowa.

"Said consideration to be paid to William H. Smith in manner as follows: Twenty dollars ($20) on execution of this contract and the balance to be paid on execution or delivery to said Sam'l F. Donaldson of a good and sufficient warranty deed for said property, free from all encumbrances on or before March 1st, 1902.

"In witness whereof we have hereunto set our hands this twenty eighth day of October, 1901.

    "[Signed]                W. H. Smith.

                      "S. F. Donaldson."

The $20 payment was made to Smith at the time the contract was executed, and, after making the contract and receiving the money he returned to his home, and told his wife of the nature of the bargain. She thereupon said that she would not sign a deed for the land, and Smith almost immediately returned to the place where he had left the plaintiff, told him that his wife would not sign the deed, and that he could not comply with his contract. At the same time he offered to return the money received by him, but plaintiff refused to accept it. Thereafter plaintiff tendered W. H. Smith the balance of the purchase price, and demanded a deed, but he (Smith) failed and refused to make a conveyance of the property. This suit followed. It appears from the evidence that before the contract was made W. H. Smith consulted his wife about selling the property, and that she gave him permission to make the sale. Her objection to the contract as made seemed to be that she thought her husband

should have received $200 more for the lànd. She said, while on the witness stand, that she told him (her husband) to sell, and that she would have agreed to sign the deed for the land had the consideration been $200 more. Aside from some questions presented by an assignment of error to which we shall hereafter give attention, the main points relied upon by appellants are: First, that the contract was upon condition that Mrs. Smith would sign the deed, which she refused to do; second, that there are no facts justifying a decree for specific performance, and that plaintiff should be remitted to an action for damages; third, that the court was in error in quieting plaintiff's title to the land. The first proposition is bottomed 'on *Venator v. Swenson,* 100 Iowa, 295. But that case is not controlling. There the contract was oral, and clearly conditional. Here the contract is in writing, and unconditional. The consideration agreed to be paid was fair and reasonable, and there is no reason why a decree of specific performance should not be ordered. The decree, as entered by the trial court, does not quiet plaintiff's title as against Mrs. Smith, but fully recognizes and protects her contingent interest. No complaint is made of the decree with respect to the order made for the protection of the wife's contingent interest; hence we have no occasion to review that part of the entry.

Defendants reside in Keokuk county, Iowa. When they entered their appearance to the action in Iowa county they filed a motion to change the place of trial to their home county. This was overruled, and the ruling is made the basis of an assignment of error. If the action had been for damages, the motion should have been sustained; but, as it was for the specific performance of a contract for the sale of land and to quiet title thereto, it was properly brought in the county where the land is situated. Code 1897, section 3491; *Booth v. Bradford,* 114 Iowa, 565. See, also, *Burrall v. Eames,* 5 Wis. 260.

The next assignment of error relates to rulings said to have been made on the admission of evidence. The evidence

was all taken subject to objection, as it should have been, for the case was tried as in equity; hence there is no ruling to review. The rulings made by the trial court, and the decree, in so far as complaint is made of it, seem to be correct. —AFFIRMED.