STANDARD ASPHALT & REFINING COMPANY, Appellant, v. FORD PAVING COMPANY, Appellee.

**TRIAL:** Instructions—**Loss of Right to Except May Not be Revived.** The right to file exceptions to instructions, if once lost by lapse of time, may not be revived by the court.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

MAY 12, 1921.

ACTION brought to recover on an open account for asphalt fluxing oil furnished defendant. Defendant counterclaimed. Verdict for defendant and judgment thereon. Plaintiff appeals. —*Affirmed.*

*Powell & Robbins,* for appellant.

*Deacon, Good, Sargent & Spangler,* for appellee.

ARTHUR, J.—There is no dispute over the account sued on. Defendant admitted receipt of the cars of fluxing oil set out in the itemized account, and that the credits given were correct, and that $1,048.07 was the correct balance due, subject to defendant's counterclaim.   Defendant, in its counterclaim, alleged that a number of the cars of oil, when received at Bismarck, North Dakota, were in a damaged condition, in that the heating coils in the cars were broken, and defendant was put to extra expense and loss in unloading the cars, in the amount of $1,163.33, set forth in the itemized statement of counterclaim.   Defendant further alleged that plaintiff's agent had called on defendant at Bismarck, and agreed with defendant that, if defendant would accept and unload the cars of oil, the plaintiff would pay the extra expense thereby incurred.

Plaintiff replied, admitting that its agent went to Bismarck to advise and assist the defendant, but did not admit the agreement claimed by defendant.

On the trial to a jury, the defendant conceded the contract alleged by the plaintiff, covering the account sued on.   The jury found for the defendant on its counterclaim, and assessed the amount of defendant's recovery against the plaintiff in the sum of $125.05, and judgment was entered accordingly, from which judgment this appeal is prosecuted. There is no occasion to set out the evidence.   The verdict was returned and filed on the 2d day of May, 1919, and judgment was on that date entered thereon in favor of the defendant in the amount of $125.05 and costs.

Only one assignment of error is made, and that is lodged against one certain instruction given by the court to the jury. We need not set out the assignment of error or the instruction. No exceptions were taken to the instructions as given by the court, at the time of the trial.   Thereafter, and more than five days after the rendering and filing of the verdict and the entering of judgment thereon, and on the 8th day of May, 1919, the plaintiff, without notice to the defendant, secured an entry in the court calendar which purported to extend the time for filing exceptions to the instructions until the 12th day of May, 1919. On May 10, 1919, the plaintiff filed objections and exceptions to the instruction numbered 5.   No other objections or exceptions

were taken or filed. As above stated, the judgment was entered on May 2d. No attempt was made until May 8th to secure an extension of time for filing exceptions. On May 8th, the court made the following entry of record:

"The time for filing exceptions to the instructions by either party is extended to May 12, 1919."

Chapter 24, Acts of the Thirty-seventh General Assembly, our present statute, governs filing of exceptions to instructions, and provides:

"Either party may take and file exceptions to the instructions of the court or any part of the instructions given or to the refusal to give any instructions as requested within five days after the verdict in the cause is filed or within such further time as the court may allow and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions asked and refused and objected to, and the grounds of such objections."

Plaintiff lost its right to file exceptions to the instructions by failing to do the same at the time, or to file same within five days after the verdict in the case was rendered and filed; and, the time within which the exceptions to the instructions could have been filed having elapsed, the right to file same could not be restored by the court. No move was made, until six full days after the filing and rendering of the verdict, to either take or file exceptions, or to secure further time within which to do so. It is evident, therefore, that the right to take exceptions was lost by appellant when it failed to act within the five-day period. The right became lapsed and irrevocably lost. The attempt to have the lost right restored by procuring an order of the court, after the lapse of five days, purporting to extend the time, does not avail the appellant. The trial court was clearly without power to restore a right that had been irrevocably lost. Conclusive of this case are our holdings in *White v. Guarantee Abstract Co.,* 96 Iowa 343; *Rosenbaum v. Partch,* 85 Iowa 409. In *Rosenbaum v. Partch,* supra, where the time had expired, and an order was, on motion, obtained "for leave and time to file the bill," we said:

"We think it is not too much to require that, if there is

any reason for extending the time by an application to the court or judge, it ought to be discovered and the order asked before the original time given expires.''

In *White v. Guarantee Abstract Co.*, supra, we said:

''It· will be well to specifically state that, when the time for filing a bill of exceptions, as fixed by law, the consent of parties, or the order of the court or judge, expires, so that the right must be revived, rather than extended, neither the court nor judge has that right. While either may possess the right, by proper order, to extend or continue the time for the exercise of such right, neither has the right, when it is once lost, to restore it.''

The judgment of the lower court must be and is—*Affirmed*.

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.