TITUS MANAGEMENT COMPANY, Petitioner, v. F. D. KELSEY, Judge, Respondent.

No. 43428.

JUNE 19, 1936.

· · G. Allbee, G. M. Titus, S. W. Livingston, for petitioner.

J. G. Kammerer, for respondent.

ALBERT, J.—No question is raised as to the method of procedure in this case.

An original action was instituted in the district court of Muscatine county, based on the following facts. In October 1932, a declaration of trust was made, by the terms of which

certain lands in Harrison county, Iowa, described as follows: the southwest quarter of the northeast quarter, the west half of the southeast quarter, the east half of the southwest quarter, the south half of the southeast quarter of the northwest quarter, and all that part of the west half of the southwest quarter lying south of the Willow River, all in section 21; also the northeast quarter of the northwest quarter of section 28, all in township 79 north, range 43, west of the fifth Principal Meridian, and containing 327 acres more or less, were declared to be held in trust by the Titus Management Company (the record title owner) for the benefit of certain specified parties. This declaration of trust recited that the Titus Management Company holds the above-described real estate in trust for the benefit of certain persons named, in certain shares (setting out the named beneficiaries); and that said trustee "shall have and hold the full legal and equitable title to said real estate so long as this trust exists." Further said trustee declares "that it does not have, by virtue of the aforesaid deed to it, and will not claim thereunder, any right to manage, control, lease, use or otherwise handle said real estate, nor any right to have and receive any of the annual rents, income and profits therefrom; the right to lease, handle, use and manage said real estate having been reserved by the beneficiaries hereunder, * * *. It is also agreed between the parties hereto that this trust may be ended at any time hereafter and the same shall be ended by written notice to that effect, delivered to said trustee, signed by beneficiaries holding an aggregate interest of not less than 44 parts out of the 60 parts, and thereupon this trustee agrees that it will convey said real estate by deed to said beneficiaries in their appropriate undivided shares, or, if said notice so requests, will convey said land to any nominee named by said notice."

It also gives the trustee the right to end the trust by giving to the beneficiaries sixty days' notice in writing, and, at the end of the sixty days' notice, by conveying said real estate, by its deed, to said beneficiaries in their appropriate and undivided shares, and delivering said deed to any one of them.

This declaration of trust was duly recorded in Harrison county, where the land lies.

Later an alleged proportion of the beneficiaries served notice on the trustee to terminate the trust, in which they elected to have the land conveyed to Frank Burnside, trustee. The man-

agement company failed or refused to comply with the notice of termination of trust, and an action was instituted in equity, alleging among other things that the plaintiffs (the beneficiaries) "are the owners as beneficiaries of the fee title in common of the following described real property, to wit:" (here follows the description of the Harrison county property) and praying for a decree requiring specific performance of the contract, and an order on the trustee to execute a deed of conveyance of said property to the newly named trustee; and praying further for a decree "decreeing the performance of said contract styled 'Declaration of Trust,'" and for "general and special equitable relief, and for such other, further and different relief as the merits of plaintiffs' cause may warrant."

A single question is raised in this case, and that is whether or not this motion for change of venue from Muscatine county (the seat of the action) to Harrison county (where the land in controversy is situated) should have been granted.

The statute on which this motion was based is section 11034, and reads as follows:

"Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof is situated."

We have had this question before us many times.

The first case in the state was Johns v. Orcutt, 9 Iowa 350. This was an action by a vendor to enforce his lien against certain lands in Hardin county. The defendant resided in Grundy county, and moved for a change of venue, which was granted. The court said:

"The order of the court, awarding a change of venue to a different county from that where the land lay, and giving the defendants a sum of money as their charge for attending in the wrong county, was erroneous."

In Orcutt v. Hanson, 71 Iowa 514, 515, 32 N. W. 482, 483, a mortgage foreclosure was sought against land lying in Greene county. The court said:

"In our opinion, the circuit court of Cedar county had no

jurisdiction of the case, the statutes, as interpreted by this court, prescribing that plaintiff should have pursued his remedies in Greene county, where the land is situated * * *."

In Gilliland v. Inabnit, 92 Iowa 46, 60 N. W. 211, an action was brought in Lucas county to recover possession of certain land situated in the same county. A demurrer was filed to the answer, and sustained. The question there involved was an adjudication of certain rights by a court of record in the state of Kentucky, which decree was affirmed by the supreme court of Kentucky, and what was said in that case with reference to the action *in rem* and *in personam* has to do only with the jurisdiction of the court in the state of Kentucky, and has nothing to do with the statute which we have under consideration.

In Booth v. Bradford, 114 Iowa 562, 87 N. W. 685, the suit was instituted in Guthrie county for an accounting, which involved among other things, a tract of land in Guthrie county as to which the plaintiff prayed a decree that he was the owner. It was held that the jurisdiction was in Guthrie county.

In Epperly v. Ferguson, 118 Iowa 47, 91 N. W. 816, a case much relied upon by the respondent, the plaintiff asked for specific performance of a contract as to certain lands situated in the county where the action was brought. There are some statements in this opinion which, at first blush, seem favorable to the contention of the respondent, but they are, in reality dictum. The holding of the opinion is that, the action being brought and tried in the county where the land is situated, the fact that the defendant may be a nonresident is not controling, and the action of the district court in this case in sustaining its own jurisdiction is affirmed.

We have three cases in this state which are similar and should be treated together. Rea v. Ferguson, 126 Iowa 704, 102 N. W. 778, was an action for specific performance, but the land involved lay in the state of Wisconsin. In Sullivan v. Kenney, 148 Iowa 361, 126 N. W. 349, the question involved was the setting aside of a deed to lands lying in the state of California. Barringer v. Ryder, 119 Iowa 121, 123, 93 N. W. 56, 57, was an action to set aside a deed for want of consideration. The deed conveyed land in the state of Wisconsin. We said:

"Although the land conveyed by the deed in question is in Wisconsin, all of the parties to this action are residents of Palo

Alto county, and all of the defendants were personally served with notice and defended. The case is analogous to one for specific performance, and a court of equity, having jurisdiction of the person, may entertain it, whether the land affected by the decree be within its jurisdiction or not.''

In each of these three cases, the land being without the jurisdiction of the state of Iowa, the statute that we have under consideration could have no application.

In Donaldson v. Smith, 122 Iowa 388, 98 N. W. 138, the action was by a vendee for specific performance, and was instituted in the county where the land lay.

In Bradford v. Smith, 123 Iowa 41, 98 N. W. 377, the action was for specific performance of a contract to convey. It was held that the jurisdiction was in the county where the land lay.

In Long v. Investment Co., 135 Iowa 398, 112 N. W. 550, the action was by an executor to recall land to pay debts. It was held that the jurisdiction was in the county where the land lay.

In Wagner v. Glick, 177 Iowa 623, 159 N. W. 233, the action was to re-form a lease and to restrain the landlord from maintaining ouster, and it was held that the jurisdiction was in the county where the land lay.

In Lee v. American Trust & Savings Bank, 209 Iowa 609, 228 N. W. 570, the action was in Story county to rescind and enforce a vendor's lien on land in Story county, and as against a motion for change it was held that the jurisdiction was in Story county.

The last expression from this court involves an elaborate discussion of this proposition, in Eckhardt v. Bankers Trust Co., 218 Iowa 983, 249 N. W. 244, 252 N. W. 373. The action was to cancel a trust deed and quiet title. It was brought in Scott county, where the land lies, and as against a motion for change of venue it was held that the jurisdiction was in Scott county.

It is evident that the intention and purpose of the legislature in passing the section under consideration here was to have the records of the county where the land lies show all matters that in any way affect the title to said land. The cases that we have reviewed, which practically cover all the cases decided under this section of the statute, point to this undoubted conclusion.

Referring to the extracts we have made from the declaration of trust, we reach the conclusion that the jurisdiction is covered by the above-quoted section of the statute, and therefore is in Harrison county and not in Muscatine county. The court should have sustained this motion for a change of venue, sending the case for trial in the county where the land lies; and the respondent is directed to reverse his ruling on the motion for a change of venue, and to grant the same.—Writ sustained.

DONEGAN, C. J., and ANDERSON, KINTZINGER, PARSONS, HAMILTON, RICHARDS, and STIGER, JJ., concur.