THE FEDERAL LAND BANK OF OMAHA, a Corporation, Appellee, v. A. T. DITTO et al., Administrators, Appellants.

No. 44936.

476

NOVEMBER 21, 1939.

REHEARING DENIED MARCH 9, 1940.

A. H. Christensen, and Dalton & Dalton, for appellants.

Batschelet & Vincent, for appellee.

HALE, J.—Prior to January 24, 1925, the defendant A. J. Ditto was the owner of 80 acres in Guthrie county. This land was incumbered with a first mortgage of $5,000, and a second mortgage, to R. H. Lacy, of $4,325. On that date Ditto borrowed $7,000 from plaintiff, giving a note and mortgage on

the land; and paid the $5,000 mortgage and reduced the Lacy indebtedness to $2,625, giving a mortgage to Lacy which was junior and inferior to plaintiff's mortgage. The mortgage to plaintiff, dated January 24, 1925, was in the usual form and contained an acceleration clause, and was due and payable in sixty-eight semi-annual payments, due August 1 and February 1 of each year. On July 7, 1932, there was recorded in the office of the county recorder of Guthrie county a warranty deed signed by Allen T. Ditto, widower, acknowledged before J. A. Graham, a notary public for Audubon county, conveying the 80 acres to R. H. Lacy, subject to a mortgage of $7,000 to plaintiff, which said Lacy by the terms of the deed assumed and agreed to pay. This deed appears from the record to have been received by said recorder from R. H. Lacy, and mailed to him after being recorded on July 11, 1932. Mrs. Ditto, who joined in the mortgage, and Harold Langsitt, mentioned hereafter, had died some time prior to the trial. R. H. Lacy died February 2, 1935, and his widow on August 29, 1937, and the defendants, in addition to Ditto, are the administrators of Lacy's estate, and the only heirs.

The petition for foreclosure was filed September 8, 1938, and makes the usual averments of the execution of the note and mortgage, default in payments and in payment of taxes, and asks for the appointment of a receiver and judgment against the defendant Ditto and the defendants Harry Lacy, John Lacy, and Ralph Lacy, as administrators of the estate of R. H. Lacy, deceased. The answer of Ditto consists of a general denial, a plea that he deeded the land to plaintiff in July 1932, in consideration of a release from liability; and the answer of the other defendants consists of a general denial, and a denial of plaintiff's right to a receivership.

On trial the court rendered judgment against defendant Ditto and against Harry Lacy, John Lacy, and Ralph Lacy, as administrators of the estate of R. H. Lacy; allowed it as a claim; ordered foreclosure; and appointed a receiver.

From the decree of the court all defendants appeal.

I. The first objection of defendants to the decree is that the relief granted in establishing a claim is greater than the prayer of petition. The petition asked judgment and for general equitable relief. The decree gave judgment and established the judgment as a claim against the defendants Harry,

John, and Ralph Lacy, as administrators of the R. H. Lacy estate. The judgment against the administrators, if the court had authority to enter it, could have been in no form but a claim established. It could not be enforced by execution. See Orcutt v. Hanson, Ex'x, 71 Iowa 514, 517, 32 N. W. 482. See also, Crane v. Guthrie, 47 Iowa 542, 544. So far as the *form* of the judgment is concerned, we see no objection. The right of the court to enter judgment or establish a claim at all, involving the question of venue, is discussed later.

II. Defendants claim that the court erred in holding that R. H. Lacy was bound on the assumption clause in the deed from Ditto. We do not find from the record that this question was raised in the district court. However, the plaintiff pleaded that as a part of the purchase price R. H. Lacy assumed and agreed to pay the note and mortgage to plaintiff. No specific pleading of lack of consideration is contained in any defendant's answer. However that may be, it is shown by the evidence that Ditto surrendered possession and Lacy took possession and rented the land to a tenant March 1, 1933; that all payments were made until February 1, 1938. Lacy did not die until February 2, 1935, so that for two years at least during his lifetime the payments were kept up, during the period when he was in ownership and possession. Ditto received his note and mortgage given to Lacy, and Lacy accepted the land in payment. In view of all the facts we do not think there was a lack of consideration.

III. We do not think the court erred in admitting the record of the deed from Ditto to Lacy. A sufficient showing was made that the instrument was not within plaintiff's control. Request was made of defendants' attorneys, and admission was made by such counsel that they would ''admit what the records show.''

IV. Defendants insist that Ditto never executed a deed to Lacy. The facts are against this contention. Ditto, at best, was an unsatisfactory witness. He insisted that he made an agreement with Langsitt, as the agent of plaintiff, by which he was to convey the land to plaintiff, his mortgage was to be released, and he was to receive his note and mortgage and be freed from liability, but the land was incumbered at the time by the second mortgage to Lacy. The evidence does not show that Langsitt had any authority to make such an agreement,

but shows the contrary. The Ditto mortgage was not released; the note and mortgage were not returned. Lacy took possession and he and his representatives held such possession until the institution of this action. All the facts and circumstances are inconsistent with Ditto's statement. That there was a deed made in July 1932 is established. To that Ditto testifies, but we think the evidence clearly shows that the deed was the Lacy deed, and the witness does not claim there was more than one. That such a deed was delivered is also shown by the record. There can be no dispute that if a deed had been made to plaintiff and accepted by plaintiff as claimed, it would discharge the debt; but we do not think the evidence can be held to maintain this fact.

V. The objection to the appointment of a receiver is not valid. The inadequacy of the security was shown; the mortgage provided therefor, and the court had authority to appoint without proof of insolvency. Prudential Ins. Co. v. Puckett, 216 Iowa 406, 249 N. W. 142. The case cited by defendants, First National Bank v. Witte, 216 Iowa 17, 245 N.W. 762, involved a foreclosure where there was no recital in the instrument authorizing the appointment. The mortgage in suit does so provide.

VI. Defendants deny that the district court of Guthrie county had jurisdiction, since the estate of R. H. Lacy was pending in the probate court of Audubon county. It is no doubt true that in matters relating to the settlement and distribution of an estate the probate court has jurisdiction. Nor is it necessary to proceed by filing claim against the estate; an action at law is equivalent to such filing. See Van Iperen v. Hays, 219 Iowa 715, 259 N. W. 448. See also, Hanen v. Lenander, 178 Iowa 569, 160 N. W. 18, and cases cited. Since the claim may be established by legal proceedings, the sole question is the jurisdiction of the Guthrie county court.

It is undoubtedly true that if Lacy were living, a suit in Guthrie county, where the land is situated, would be properly brought, and he would be a proper and necessary party to the decree, though living in Audubon county. See Bennett Sav. Bank v. Smith, 171 Iowa 405, 152 N. W. 717.

The statute providing for foreclosure (Code, section 12374) provides:

"An action for the foreclosure of a mortgage of real property, or for the sale thereof under an incumbrance or charge thereon, shall be brought in the county in which the property to be affected, or some part thereof, is situated."

It has uniformly been held that this provision is mandatory and jurisdictional. Beach v. Youngblood, 215 Iowa 979, 989, 247 N. W. 545; Pfeffer v. Corey, 211 Iowa 203, 205, 233 N. W. 126; Bennett Sav. Bank v. Smith, supra, and cases cited.

The Van Iperen case, supra, cited by defendants, holds that an executor cannot have a case transferred to the county where he personally resides. The Orcutt case, supra, cited in the Van Iperen case, holds that suit brought in the county where the notes are payable is properly brought only in Greene county, where the land is situated and the estate is being probated. In that latter case there was no jurisdiction to foreclose the mortgage, and the mortgage was executed prior to the passage of the amendment to section 2578 of the Code of 1873, requiring foreclosure to be brought where the land is situated.

Other matters, involving the right to attorney fees and the amount thereof, were not raised in the district court and need not be discussed. We are not disposed, however, to hold that there was error in the court's ruling thereon.

The case should be, and it is, affirmed.—Affirmed.

OLIVER, C. J., and MITCHELL, HAMILTON, RICHARDS, SAGER, BLISS, MILLER, and STIGER, JJ., concur.