In re Estate of Carl B. Robertson.

Carl W. Robertson, administrator cum testamento annexo of estate of Carl B. Robertson, plaintiff-appellee, v. Ellen Chinnow, appellant, and Glenn E. Sanders, Jr., et al., defendants-appellees.

No. 48700.

(Reported in 68 N.W.2d 909)

Магсн 8, 1955.

Alex M. Miller, of Des Moines, for appellant.

Eskil C. Carlson, of Des Moines, for appellee Carl W. Robertson, administrator.

D. J. Shirley, of Stuart, for appellees Glenn E. Sanders, Jr., and Verdell Sanders.

Lulu R. Flatley, per se.

OLIVER, J.—The estate of Carl B. Robertson, deceased, late of Polk County, is in course of probate in Polk District Court. The administrator with will annexed filed therein an instrument entitled "Report and Application to determine and obtain assets." It states: Among the assets of the estate claimed by the administrator is land (legal description) in Guthrie

County, Iowa, sold on contract in 1946 by decedent to defendants Glenn E. Sanders, Jr., and Verdell Sanders, about which there is dispute; in 1942 decedent deeded the farm to Lulu R. Forbes, now defendant Lulu R. Flatley, and she claims it; in 1953 decedent executed a deed purporting to convey the land to defendant Ellen Chinnow, subject to the Sanders contract, and she claims the contract and the record title to the real estate, and has not accounted for moneys received by her on the contract; this was merely a paper transaction between decedent and his trusted employee Ellen Chinnow, without actual consideration or delivery of deed or assignment of contract and was not intended to create an actual right.

The Report and Application prays that the court "determine, conclude and decree the rights of the plaintiff [administrator] and of the defendants and each of them, in and to the real estate" and the contract for the sale thereof, that defendant Ellen Chinnow be required to account for receipts by her on the contract, and for such other orders as shall seem appropriate.

Defendants Ellen Chinnow, Glenn E. Sanders, Jr., and Verdell Sanders moved for change of place of trial to Guthrie District Court, under rule 175, Rules of Civil Procedure, which provides in part, "An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county." The contention the action was brought in the wrong county was based upon section 616.1, Code of Iowa, 1954. The district court overruled the motion. From this order we granted Ellen Chinnow an appeal in advance of judgment.

Code section 616.1, provides: "Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof is situated."

I. This provision and similar provisions in statutes of various other states were derived from the Field Code of New York. See 2 A. L. R.2d 1254, 1262; Iowa Code Annotated, section 616.1, History and Source of Law.

688

■ There are many decisions of this court involving the statute. We have held it applicable to actions by either party to a contract for the sale of real estate against the other for specific performance of such contract. Johns v. Orcutt, 9 Iowa 350; Donaldson v. Smith, 122 Iowa 388, 98 N.W. 138. Bradford v. Smith, 123 Iowa 41, 43, 98 N.W. 377, states there are practical advantages from this construction in that such decrees affect title to land and it is always advisable to have them recorded in the county where the land is situated. Titus Management Co. v. Kelsey, Judge, 221 Iowa 1368, 1372, 268 N.W. 23, 25, makes reference to the foregoing and various other like decisions of this court, and states:

■ "It is evident that the intention and purpose of the legislature in passing the section under consideration here was to have the records of the county where the land lies show all matters that in any way affect the title to said land. The cases that we have reviewed, which practically cover all the cases decided under this section of the statute, point to this undoubted conclusion."

In Lee v. American Trust & Savings Bank, 209 Iowa 609, 228 N.W. 570, an action by the vendee for rescission of the contract, personal judgment against the vendor and for the establishment and foreclosure of a lien on the land for purchase money paid under mutual mistake was held properly brought in the county where the land was situated. To the same effect is Eckhardt v. Bankers Trust Co., 218 Iowa 983, 249 N.W. 244, 252 N.W. 373, an action to cancel a trust deed or mortgage and the lien thereof and to quiet plaintiff's title to the land.

■ Whalen v. Ring, 224 Iowa 267, 271, 272, 273, 276 N.W. 409, 411, was an action for the cancellation of notes and real-estate mortgages securing the same. It was contended the action was transitory, not local, and that if plaintiffs prevailed the decree would operate in personam only and in no sense in rem. The court stated the action "involves a determination of a right or interest in real estate and must be brought in the county where it is situated. The decree rendered in the case will necessarily determine the validity of the mortgages and

such judgment will manifestly affect and determine rights in real property.

"\* \* \*

"Whether an action is in personam or in rem is not the ultimate test as to whether an action is local under section 11034 [now section 616.1]. The test is, does the action involve necessarily a determination of a right or interest in real estate?"

The text in 56 Am. Jur., Venue, section 11, 1954 Supplement, states: "In practically all but one of the jurisdictions in which the question has arisen liens, including mortgages, whether legal or equitable, contractual or noncontractual, have been held, under the applicable statutes, to be an estate or interest in land within venue statutes permitting or requiring actions in respect thereof to be brought in the county where the land is situated. This rule has been applied in various actions to foreclose, cancel, etc., mortgages or deeds of trust \* \* \*."

Cavalier County v. Gestson, 75 N. D. 657, 664, 31 N.W.2d 787, 791, 2 A. L. R.2d 1254, 1259, points out that the statute, "is not restricted to an action for the recovery of real property 'or of an estate or interest therein.' It provides further that it applies to an action 'for the determination in any form of such right or interest.'

" 'The clause relating to the recovery of real property or of an estate or interest therein also contains the provision "or for the determination in any form, of such right or interest." This is a broad provision which seems intended to cover other cases, no matter what their form, which actually involve a real or substantial interest in real property although, technically, they may not fall within the classes which are specifically named.' Kaluzok v. Brisson (Cal. App.) 161 P.2d 64 [65].

" 'It is significant that the coverage of the statutes includes a mere "interest" as well as an "estate" in lands. "The word 'interest' is the broadest term applicable to claims in or upon real estate. In its ordinary signification among men of all classes it is broad enough to include any right, title, or estate in, or lien upon, real estate. One who holds a mortgage upon a piece of land for half its value is commonly and truthfully said to be interested, to have an interest, in it." Ormsby

v. Ottman [8 Cir.], 85 F. 492, 497 [29 C. C. A. 295]; 4 Words and Phrases [First Series], p. 3699.' Hatlestad v. Mutual Trust L. Ins. Co., 197 Minn. 640, 268 N.W. 665, 667."

The text in 2 A. L. R.2d 1265 states: "In some jurisdictions liens, including mortgages, whether legal or equitable, contractual or noncontractual, are held to be an estate or interest in land within venue statutes permitting or requiring actions in respect thereof to be brought in the county where the land is situated."

In 2 A. L. R.2d 1268 is the statement: "Suits for the cancellation of mortgages or deeds of trust have been held to be in relation to an estate or interest in land within the meaning of venue statutes."

Decisions from various jurisdictions, including Iowa, are cited in support of this rule. There are some variances in decisions of other courts.

 Counsel for plaintiff states "this is an action brought by the administrator, with will annexed, as a Report and Application to Determine and Obtain Assets." However, despite the language of the so-called report and application it is a petition for a judgment setting aside two deeds of decedent and the assignment to Ellen Chinnow of the contract of sale of the land. The prayer is that the court determine and decree the rights of the parties in the real estate and contract, that Ellen Chinnow account for payments made her on the contract and for other appropriate orders.

Although for some purposes this contract of sale is considered personal property, we conclude it is an interest or estate in land within the scope of the statute providing that actions for the determination of a right or interest in real property must be brought in the county where the same or some part thereof is located. It is clear, also, that the parts of the action for the setting aside of each of the two deeds made by decedent are within the purview of the statute.

 II. Appellee contends the statute is not applicable to actions involving the legal representatives of estates of decedents. With this contention we do not agree. Long, admr. v. Garey Investment Co., 135 Iowa 398, 401, 112 N.W. 550, 551,

was such an action. There the court made reference to the statute, and stated: "Suits to set aside deeds and declare the property that of another than the grantees therein are clearly within this statute, and therefore should be brought in the county where the real estate or some part of it is situated."

Appellee quotes at length from Hulburd v. Eblen, 239 Iowa 1060, 33 N.W.2d 825. That case involves an automobile-damage venue statute, now Code section 616.18, and is not here in point. The decision refers to Federal Land Bank v. Ditto, 227 Iowa 475, 288 N.W. 618 (both decisions written by Judge Hale), and points out, among other things, that the Ditto case was a foreclosure proceeding in which the venue was fixed by statute (now Code section 654.3 similar to the statute here involved) and was mandatory and an action in rem with exclusive jurisdiction within the county where the land was situated and which could not have been brought in the county where the probate proceedings were pending.

III. The record does not indicate defendants objected to the manner in which the action was instituted and they were brought into court. We are given to understand the proceeding was in probate. The record and briefs upon appeal are captioned IN EQUITY. It does not appear any question of error in the kind of proceedings adopted was raised in the trial court before the appeal was taken. See sections 611.7, 611.8 and 611.9, Code of Iowa, 1954. Any apparent suggestion that the kind of proceedings may have some relation to the right to a change from Polk County to Guthrie County is not well founded. The only basis for such change is that the action was brought in the District Court of the wrong county.

IV. Appellee's brief, filed January 21, 1955, contains a motion to dismiss the appeal on the ground appellant did not file notice of appeal. Rule 335, Rules of Civil Procedure, provides appeals must be taken within thirty days from the entry of the order, etc., appealed from, provided, that where an application for an appeal in advance of final judgment is made within thirty days the Supreme Court or a justice thereof may extend the time for filing the Notice of Appeal in the event the appeal is granted. In this case the order of the trial court was

made November 5, 1954. The application for an appeal was made December 1 and on that day a Justice of the Supreme Court set the hearing for December 10. Prompt notice of this was given counsel for appellee. He filed resistance thereto December 9, and made oral resistance at the hearing December 10. December 13, the justice entered "Order Granting Interlocutory Appeal" in which the times for filing the record and the briefs and for submission were shortened. However, appellant did not apply for an extension of time for filing notice of appeal and no such extension was ordered. It is apparent this was due to oversight. The regular time for appeal had expired before the order granting the appeal was made. Without an extension of time for filing notice of appeal that order was useless. The appeal has been fully argued by both parties and submitted on the merits. Under the circumstances the court, by a majority vote, ordered that appellant be granted additional time within which to file notice of appeal. Appellant has complied with this order. Hence, the appeal will not be dismissed. However, the cost of printing appellant's reply and resistance to motion to dismiss is ordered taxed to appellant.

The order of the district court is reversed and the case is remanded for further proceedings in accordance herewith.—Reversed and remanded.

WENNERSTRUM, C. J., and GARFIELD, HAYS, MULRONEY, and SMITH, JJ., concur.

THOMPSON, J., dissents in part.

THOMPSON, J. (dissenting in part)—The first three divisions of the majority opinion appear to be based upon sound principles of law, and I concur in the reasoning therein. From Division IV, however, I must respectfully dissent.

I. As the majority recites, appellee's brief contained a motion to dismiss the appeal, based upon a claimed lack of jurisdiction in this court to consider it. The reason assigned is that no notice of appeal was given. The appeal is from an order before final judgment. It is what is known in the trade as an "interlocutory" appeal. The order objected to by the appellant was entered on November 5, 1954. Application for permission to appeal there-

from was filed in this court on December 1, 1954, and on that date the matter was set for hearing on December 10 next. On the latter date the application was granted. But no notice of appeal was served on the appellee until February 9, 1955.

Rule 335, R. C. P., provides, so far as material: "* * * where an application to the supreme court or any justice thereof to grant an appeal in advance of final judgment under rule 332 is made within thirty days from the date of such ruling or decision, the supreme court or any justice thereof may extend the time for filing the notice of appeal in the event the appeal is granted and the appeal, in such event, may be perfected within the time thus specified. * * *."

Upon oral argument in this court on February 8, 1955, the failure to serve notice was urged by the appellee. It is true appellee also argued the case upon the merits, both in written and oral presentation. He could not well do less; it would have been placing all his eggs in one basket to rely solely upon the jurisdictional question. Nor is it important; if we did not have jurisdiction to consider the appeal, the appellee did not waive his right to have it so ruled by arguing the merits as well as the failure to give notice. Upon the same day the case was submitted by oral argument, a majority of this court, confronted with the lack of jurisdiction, made an order allowing the appellant to serve notice of appeal not later than February 10 next, and when this opportunity was embraced, the appeal was submitted on its merits. This order and the following service of notice of appeal were, I believe, in contravention of well settled legal principles and of our previous decisions. The whole procedure is an attempt to raise ourselves by our bootstraps; to breathe life into a carcass long dead.

II. I do not apprehend the majority will take serious issue with the statement that service of notice of appeal is the first requirement for jurisdiction in this court. R. C. P. 336 says: "Appeal is taken and perfected by filing a notice with the clerk of the court where the *order,* judgment or decree was entered, signed by the appellant or his attorney. * * *." (Italics supplied.) The pertinent part of R. C. P. 335 is set out above. The majority by its order of February 8, 1955, has interpreted rule

335 to mean that, although no extension of time was granted prior to the expiration of the thirty days fixed for taking appeals, it may be granted thereafter, and after a motion to dismiss for lack of jurisdiction has been made and submitted, and jurisdiction will thereupon be lodged in this court. The instant case may or may not be one of hardship to the appellant; but such considerations should not determine jurisdiction.

There is a line of cases concerning the filing of the abstract of the record which is directly parallel with the situation in the case at bar. Section 4120, Code of Iowa, 1897, is herewith quoted:

"If an abstract of the record is not filed by appellant thirty days before the second term after the appeal was taken, unless further time is given by the court or a judge thereof for cause shown, the appellee may file an abstract of such matters of record as are necessary, or may file a copy of the final judgment or order appealed from, or other matters required, certified to by the clerk of the trial court, and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed. Denial of abstracts, additional abstracts or transcripts may also be filed."

This section had been in the preceding Codes of 1873 and the Revision of 1860. It was interpreted in Newbury v. Getchell & Martin Lbr. & Mfg. Co., 106 Iowa 140, 76 N.W. 514; White v. Guarantee Abstract Co., 96 Iowa 343, 65 N.W. 305; Rosenbaum v. Partch, 85 Iowa 409, 52 N.W. 181; and Short v. Chicago, M. & St. P. Ry. Co., 79 Iowa 73, 44 N.W. 539. The question in each case was whether the trial court might extend the time for filing a bill of exceptions after it had expired; the identical point which the majority has decided in favor of the appellant in the instant case, except that we are here concerned with the right to serve and file a notice of appeal after the prescribed time therefor has lapsed. It will be noted the cases last above cited were concerned with the *power* of the court to permit filings of bills of exceptions, which were an essential part of the abstract of the record under the then prevailing practice; while in the case at bar we are considering the right to serve and file a notice

of appeal, which is a matter of *jurisdiction*. This distinction is pointed out in Newbury v. Getchell & Martin Lbr. & Mfg. Co., supra, at page 150 of 106 Iowa, page 517 of 76 N.W., "It is not jurisdictional in the sense that the service of a notice of appeal is jurisdictional." More care should be taken not to assume jurisdiction than power. The language and reasoning of the cases cited is directly opposed to the action taken by the majority here.

In Newbury v. Getchell & Martin Lbr. & Mfg. Co., supra, at page 151 of 106 Iowa, page 518 of 76 N.W., this court said: "The rule of interpretation which required the extension of time for which section 2831 of the Code of 1873 provided, to be granted before the right to file a bill of exceptions had expired, requires us to hold that the extension of time authorized by section 4120 of the Code, to be effectual, *must be granted before the right to file the abstract has expired. In other words, neither this court, nor a judge thereof, can grant to an appellant the right, which has once been lost, to file an abstract,* but while that right exists the time for its exercise may be extended by this court or by one of its judges." (Italics supplied.)

To the same effect is White v. Guarantee Abstract Co., supra, where it is said, at page 345 of 96 Iowa, page 306 of 65 N.W.: *"It will be well to specifically state that when the time for filing a bill of exceptions, as fixed by law, the consent of parties, or the order of the court or judge expires, so that the right must be revived, rather than extended, neither the court nor judge has that right. While either may possess the right, by proper order, to extend or continue the time for the exercise of such right, neither has the right, when it is once lost to restore it."* (Italics supplied.)

The language of R. C. P. 335, giving this court or a justice thereof the right to extend the time for service of notice of appeal upon appeals from orders before final judgment is identical in substance with the provisions of section 4120, Code of Iowa, 1897, and the like section of the Code of 1873, which the court was considering in the cases cited. It seems to me to be beyond argument that rule 335 was intended to give the court or a judge the right to extend time for service of notice of appeal when, because of the necessity for making application for leave to take an

interlocutory appeal, and fixing time for hearing and notice, the thirty-day period fixed for giving such notice would expire or be materially shortened before it was known whether leave would be granted; but logic and the authority of the cases cited preclude the thought that the time for service of such notice might be extended after it had expired. I do not refer to or rely upon cases decided after the Fortieth Extra General Assembly added to the previous language of section 4120 the words "before the expiration of said time." This did nothing more than add express words which followed the law as previously settled by the interpretation of the statute fixed by the Newbury and other cases cited above. The cases have never been overruled, but have now been entirely disregarded by the majority, without discussion.

III. It is a much more serious matter to arrogate to ourselves jurisdiction of the subject matter of an appeal than it would have been to assume power not granted by the statutes, as was attempted and denied in the Newbury and other cases, supra. Without service of a notice of appeal we have no jurisdiction. Ball v. James (not in Iowa Reports), 155 N.W. 961.

In Stolar v. Turner, 236 Iowa 628, 640, 19 N.W.2d 585, 590, a majority of this court held we might in a proper case waive strict application of certain of its Rules of Civil Procedure, the particular ones there involved being rules 340 to 353 inclusive. The opinion relies upon R.C.P. 371, which says: "The supreme court shall have power to revoke, change or supplement any of these rules which prescribe the procedure in that court. Under this power the court may revoke, change or supplement any rule in division XVI hereof except rules 331-339 inclusive. Any such change or addition shall take effect at such time as the court shall prescribe."

It will be noted the legislature therein granted us the right to "revoke, change or supplement" any of the rules prescribing the procedure in this court; with, however, the notable exception of rules 331 to 339 inclusive. In this category are included what may be termed the jurisdictional rules, particularly rules 335 and 336, which most concern us here. We have no right to waive these jurisdictional provisions. Unless we are to overrule the sound reasoning and definite pronouncements of Newbury v.

Getchell & Martin Lbr. & Mfg. Co. and White v. Guarantee Abstract Co., both supra, and other cases cited, we cannot hold service of notice of appeal after the time for appeal has expired gives us any jurisdiction whatever of the subject matter of this appeal.

IV. It may be that appellee will be benefited instead of harmed by having the question of venue decided here, rather than after the case has been tried in the lower court. Perhaps it would not profit him to try his case in the court in which venue is now lodged by the decision of the District Court, since if he prevailed there a reversal upon appeal might be required. But this consideration still does not give us jurisdiction. Appellee has raised the question; his legal rights should be respected. I suggest we should follow the established law; in the end, justice and the rights of litigants will be far better served if we disregard questions of expediency and adhere to settled principles.

I would dismiss the appeal for want of jurisdiction.

BLISS, LARSON and OLIVER, JJ., join in this dissent.