Zelda A. CORNELL, Formerly Zelda A. Noyes, Appellee,

v.

Lois A. WUNSCHEL, Russell S. Wunschel, and Clinton House Motel, Inc., Appellants.

No. 67607.

Supreme Court of Iowa.

Feb. 16, 1983.

**652**

Stephen D. Haufe of Jurgemeyer, Frey & Haufe, Clinton, and Gary L. McMinimee of Wunschel, Eich & McMinimee, P.C., Carroll, for appellants.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McGIVERIN, Justice.

■ This interlocutory appeal presents an issue of first impression: whether prior to the commencement of litigation the parties to an action affecting title to real estate may validly contract to place venue in a county other than the county where the real estate is located. We conclude they may not, and that Iowa Code section 616.1 (1981) mandates that the action be brought in the county where the real estate is located.

During the fall of 1980, plaintiff Zelda A. Cornell, and her husband, as tenants, and defendant Lois A. Wunschel, as landlord, entered into a written lease-purchase agreement for the Clinton House Motel in Clinton, Iowa. The agreement included a provision which stipulated that the "lease and the performance thereof shall be governed, interpreted, construed and regulated by the laws of the State of Iowa, and the District Court of the State of Iowa in and for Carroll County shall have sole jurisdiction [of any suit arising] out of this instrument brought by any party hereto or any party having any interest therein." Defendants Lois A. Wunschel and Russell S. Wunschel are residents of Carroll County. Russell S. Wunschel allegedly negotiated and drafted the agreement. Defendant Clinton House Motel, Inc., is an Iowa corporation.

In October of 1981 defendant Lois A. Wunschel served plaintiff with a notice to quit and an original notice of an action for forcible entry and detainer for failure under the terms of the lease to pay rent and real estate taxes; allowing the water and sewer bill to become a lien; and failure to maintain proper insurance.

Shortly thereafter, plaintiff filed the present action and obtained a temporary injunction of Lois A. Wunschel's separate action for forcible entry and detainer. Plaintiff's petition was in three divisions and prayed for (I) an injunction against the forcible entry and detainer action,[1] (II) a

---

1. This division is now moot because plaintiff has surrendered possession of the property to defendants. However, this appeal is not rendered moot because divisions II and III of the petition continue to exist and must be resolved following resolution of this appeal. See *Cooley v. Ensign-Bickford Co.*, 209 N.W.2d 100, 102 (1973).

money judgment against defendants for damages arising out of breach of contract, and (III) rescission of the lease-purchase agreement.

Defendants moved for a change of venue to Carroll County under Iowa R.Civ.P. 175 (action brought in the wrong county). The motion was overruled. The court concluded the contract provision placing venue of any dispute under the agreement solely in Carroll County was void. We granted interlocutory appeal from that ruling.

■ I. *Section 616.1.* Defendants contend that this action does not come within the scope of section 616.1 which provides:

> Actions for the recovery of real property, or an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof [is] situated.

They argue that plaintiff's action does not involve an interest in real estate, and therefore, the action is a transitory one which may be brought in the county in which defendants reside. *See* Iowa Code §§ 616.-17, 18. We disagree.

Although defendants' contention is consistent with the historical preference for venue in the county of defendants' residence,[2] this preference may be superceded by a special venue provision. *Johnson v. Nelson,* 275 N.W.2d 427, 429 (Iowa 1979). Section 616.1 is such a provision; therefore, the preference for the county of defendants' residence is superceded if the litigation determines an interest in real estate. Significantly, section 616.1 "includes a mere 'interest' as well as an 'estate' in lands. The word 'interest' is the broadest term applicable to claims in or upon real estate. In its ordinary signification among men of all classes it is broad enough to include any

right, title, or estate in, or lien upon, real estate...." *In re Estate of Robertson,* 246 Iowa 685, 689, 68 N.W.2d 909, 911 (1955) (punctuation edited).

In the present action, plaintiff prays for rescission of the lease-purchase agreement. The determination of a leasehold interest is an interest in real estate which falls within the ambit of section 616.1. *Wagner v. Glick,* 177 Iowa 623, 630, 159 N.W. 233, 235 (1916) (action for reformation of lease must be brought in county where real estate lies); *see also Sample v. Towe Motor Co., Inc.,* 23 N.C.App. 742, 743, 209 S.E.2d 524, 525 (1974) (action to terminate lease seeks to terminate interest in real property and must be tried in county where some part of the subject of the action is located). Rescission of the agreement would terminate plaintiff's entire interest in the property. Since the action requires a determination of plaintiff's interest in real estate, section 616.1 supercedes any provisions which give preference to venue in the county of defendants' residence. *See Whalen v. Ring,* 224 Iowa 267, 271, 276 N.W. 409, 411 (1937).

II. *Contractual agreements determining venue.* In support of the contractual agreement that venue should lie in Carroll County, the place of defendants' residence, defendants contend that Iowa R.Civ.P. 167(d) would permit venue to be established by written agreement of the parties after commencement of litigation. Consequently, they argue, there is no reason venue cannot be established by agreement prior to commencement of litigation. Defendants' argument, however, overlooks the purpose of section 616.1.

■ We reiterate the statement of legislative purpose which we made in *Titus Management Co. v. Kelsey,* 221 Iowa 1368, 1372, 268 N.W. 23, 25 (1936), relative to the predecessor of section 616.1:

---

2. In transitory actions the preference for venue in the county of defendant's residence is expressed in Iowa Code §§ 616.17 and 616.18.

Section 616.17 provides in part:

> Personal actions, *except as otherwise provided,* must be brought in a county in which some of the defendants actually reside....

(Emphasis added.)

Likewise, § 616.18 provides:

> Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant ... is a resident or in the county in which the injury or damage is sustained.

It is evident that the intention and purpose of the legislature in passing the section under consideration here was to have the records of the county where the land lies show all matters that in any way affect the title to said land.

Rule 167(d) is consistent with this purpose. If venue is moved after commencement of litigation, the records of the county where the land lies will, nonetheless, indicate that litigation determining a right or interest in the real estate had been commenced.

On the contrary, if prior to the commencement of litigation the parties make an agreement to establish venue somewhere other than in the county where the land is located, they would defeat the purpose of section 616.1. No record would appear automatically in the county where the real estate is located, thus thwarting the protections afforded good faith purchasers by section 616.1. Parties cannot rely on contractual provisions to circumvent a legislative mandate. The parties' agreement to the contrary, here, was invalid.

We affirm the order of the district court which maintained this action in Clinton County, the county where the real estate was located. This case is remanded for further appropriate proceedings.

AFFIRMED AND REMANDED.